HAYNES-WALKER LUMBER CO. v. HANKINS *et al.*[*]

(Division B. Nov. 16, 1925.)

[105 So. 858. No. 25084.]

1. TRIAL. *No direction of verdict against substantial evidence for other party.*

   Where there is substantial evidence tending to establish plaintiff's case, verdict may not be directed for defendant.

2. HIGHWAYS. *Evidence of liability of owner of auto truck colliding with auto held sufficient to go to jury.*

   Evidence in action for collision of auto truck with automobile, *held* sufficient to go to jury on question of defendant's liability.

3. HIGHWAYS. *Instruction putting on defendant in auto collision case burden of showing deceased's driver was so reckless as to put deceased on notice of danger of riding with him held not erroneous.*

   Instruction, in action for death from collision of defendant's auto truck with automobile driven by H., with whom deceased was

riding, that burden was on defendant of showing by preponderance of evidence that H. was such a reckless driver as to put deceased on notice that it was dangerous to ride with him, *held*, so far as it went, not erroneous.

4. TRIAL. *Instruction on burden of proof held in connection with the other instructions, not misleading.*

Instruction in auto collision case as to burden of proof that deceased's driver was so reckless as to put deceased on notice that it was dangerous to ride with him *held*, in connection with the other instructions, not misleading.

5. TRIAL. *No error, though single instruction is incomplete, where all, taken together, embody the applicable law.*

All the instructions in a case are to be considered together as one, and interpreted as a whole, and if, when so viewed, they embody the applicable law, there is no error, though one taken alone is incomplete.

6. APPEAL AND ERROR. *Statement of judge held harmless in view of evidence.*

There being really no conflict in the evidence as to the fact that the injury done deceased by defendant causd his death, statement of judge, in jury's presence, "I do not think that has anything to do with the case; he . . . died from that wound," *held* harmless.

7. DEATH. *Two thousand five hundred dollars held not grossly inadequate in view of evidence of contributory negligence authorizing diminution.*

Verdict of two thousand five hundred dollars for death cannot be considered grossly inadequate and the result of passion and prejudice, where there was evidence of contributory negligence, and the jury may have concluded deceased was guilty thereof, and may, without being instructed to that effect, have diminished damages, as provided by Hemingway's Code, section 502, as they had a right to do, if evidence justified it, though not so instructed.

*Headnotes 1. Trial, 38 Cyc., p. 1568; 2. Motor Vehicles, 28 Cyc., p. 49; 3. Motor Vehicles, 28 Cyc., p. 49; 4. Trial, 38 Cyc., p. 1779; 5. Trial, 38 Cyc., p. 1779; 6. Appeal and Error, 4 C. J., Section 2937; 7. Death, 17 C. J., Section 236.

APPEAL from circuit court, of Itawamba county. HON. C. P. LONG, Judge.

Action by Dan R. Hankins and others against the Haynes-Walker Lumber Company. Judgment for plain-

tiffs, and defendant appeals; plaintiffs prosecuting a cross-appeal. Affirmed.

*Cunningham & Berry,* for appellant.

The appellee is contradicted by so many established physical facts that his theory is so impossible that the trial court ought to have given a peremptory instruction in favor of the appellant as was requested. *Fore* v. *A. & V. R. R. Co.,* 39 So. 493; *Southern R. R. Co.* v. *Elder,* 80 So. 333; *M. & O. R. R. Co.* v. *Bennett,* 90 So. 113; *Thomas* v. *State,* 92 So. 225.

The appellant's theory of this wreck was corroborated by one eye witness, whose evidence was in every material way in harmony with the state of facts here made. There are a half dozen physical conditions that are not contradicted by this record which makes the theory of appellee impossible; and, hence, unbelievable.

In the face of all this unreasonable state of affairs, it is unconscienable to think a jury would render a verdict for the plaintiffs except as the result of prejudice and passion, or as the result of some error of law put into their minds by the erroneous instructions of the court. See *Southern Railroad Company* v. *Elder,* 80 So. 334; the *Bennett case,* 90 So. 113.

The stories in the Elder and Bennett cases are parables in comparison to that of the appellee's under consideration in the instant case. The trial court gave an instruction to the jury over the objections of the appellant, which is the most unreasonable shift of burden that we have observed in our experience.

This goes very much further than to shift the mere burden of showing who was to blame in the accident, which of itself would be error, but it goes far enough to state that the burden is on the appellant to show that the driver, appellee, was such a reckless driver as to put everybody in his car on notice of the same. What show does it give appellant, who is a stranger to appellee, and who can only know of his conduct at the place and time of the wreck? If it were the law that the burden is on

defendant in every automobile wreck to prove the reckless character of the driver of the other car, and not only this, but to prove that everybody in the other fellow's car had notice of such reckless character as to driving, it would be a most wonderful state of affairs. It would legally resolve itself into the question of who in the wreck shall become plaintiff for he shall be victor, and who shall become defendant, for he shall be doomed.

This instruction makes no reference to contributory negligence at all. Such an error cannot be cured by any instruction given on behalf of defendant, and we cite the following authorities to support this view: *M. C. McNeill* v. *Bay Springs Bank,* 56 So. 333; *Illinois Central R. R. Co.* v. *McGowan,* 46 So. 55.

Every defendant in court, when his property is in jeopardy, and his rights involved, ought to be given a legitimate scope of cross-examination, and the trial judge ought to withhold remarks that clearly show and demonstrate his own arbitrary opinion of the weight of legitimate evidence, and the appellant had the burden of this arbitrary statement to carry throughout the trial, and no one can gainsay the prejudicial effect it had upon the minds of the jury, who may be very much influenced by the arbitrary expressions of the court on the weight of evidence. *Lee* v. *State,* 23 So. 628; *Smith* v. *State,* 73 So. 792; 2 Thompson on Trials, sec. 963 at 810.

There is no evidence in the record of the earning capacity even sufficient to purchase the food and clothing necessary to the existence of deceased. There is no evidence at all to guide the jury in measuring or considering the value of companionship. In fact, the evidence wholly fails to show that any of appellees were entitled to recover anything on account of the loss of companionship, yet the court instructed the jury to consider this element of damage as though it had been proved.

The proof does not show evidence sufficient to warrant the jury finding in the sum of two thousand five hundred dollars.

*C. R. Bolton,* for appellees.

The facts in this case were submitted to the jury, and they based their verdict upon competent testimony, and it is well settled that such a finding of a jury will not be disturbed by this court. Appellants' brief is largely taken up in arguing the facts.

I. Appellants say it is unconscienable that the jury should have rendered a verdict against them. Rex Hankins and Grady Deaton, the drivers of the car and truck respectively, each tell how the wreck happened. Let us put them side by side. Their stories are in direct conflict. Both cannot be true. Rex says Deaton ran into him on the north side of the road—Deaton says Rex ran into him on the south side. Rex does give Deaton credit for discovering his danger and making a dive for the south side to try to avoid it, but says he was too late. and struck his car in trying to get back on his right side. Deaton does not give Rex credit for even trying to do anything to avoid the collision, but says, without swerving, he ran straight into his truck—a statement that does not appeal strongly to reason. What is the character of the evidence supporting Deaton?

The damaged cars prove only the results of the collision, but the tracks speak in loud tones as to where it happened, and how it happened, and that was the question before the jury. This testimony corroborates Rex Hankins' story and is squarely in conflict with that of Deaton. Plaintiffs' theory is further supported by the position of the cars as found by the officers.

The verdict of the jury was not only warranted by the testimony of Rex Hankins, but also by the evidence of the officers of the law whose duty it was to investigate the matter, by plenty of physical facts, if desired to resort to them.

Appellants' effort to stretch the Elder and Bennett cases to cover this case falls far short of the mark. In each of those cases, the verdicts of the jury were rendered on the bare and unsupported testimony of the

plaintiffs alone. In the instant case, we have Rex Hankins' testimony, supported by what we think is the most trustworthy of all the evidence, the evidence of the officers of the county whose duty it was to investigate the wreck.

As we understand the rule of law, the verdict of the jury will not be set aside simply because the better reasoning may seem to warrant a verdict for the opposite party, nor where the court, if deciding the question, would decide it differently; but the jury is the sole judge of the facts, and where based upon competent testimony, their finding will not be disturbed. See *N. O. & N. E. R. Co.* v. *Ward,* 96 So. 401; *L. & N. R. Co. et al.* v. *Jones,* 98 So. 230; *F. W. Woolworth Co.* v. *Volking,* 100 So. 3.

II. Appellants' complaint of the instruction as to Rex Hankins being a reckless driver is wholly without merit. This instruction relates to contributory negligence which defendants alleged in notice under general issue, and it is a well-settled rule that contributory negligence is an affirmative defense, and not only must be pleaded but proved, and the burden is on the defendant to do so. Appellants were attempting to charge deceased with negligence in riding with Rex, not because he knew Rex to be a reckless driver, but they undertook to charge him with it by showing such recklessness as to put him on notice that it was dangerous to ride with him. The instruction in effect says to the jury that in order for defendants to do this, they meet the burden imposed upon them by law to prove it. Appellants are in a poor position to complain of this instruction because they themselves asked and were given an instruction wherein they say to the jury that the burden was on defendants to prove this very thing by a preponderance of the evidence.

Defendants' instruction tells the jury that if it was so proved, and that the accident was caused *in whole or in part* by the negligence of Rex, it was their sworn duty to find for defendants—a much more favorable instruction than they were entitled to in that it ignores the comparative negligence statute and would entirely defeat

plaintiffs' recovery if the accident were caused only in part by the negligence of Rex.

It is absurd to say that the verdict of the jury was the result of passion and prejudice. The Haynes-Walker Lumber Company is a partnership, and the defendant Haynes, was a citizen of the county of Itawamba at the time of the suit, and is now so far as we know. Practically all of defendants' witnesses were from Itawamba county, while plaintiffs' witnesses were all from Lee county, except Rex Hankins and Clarence Birch. The verdict of the jury for only two thousand five hundred dollars for the four days' suffering and death of Frank Hankins conclusively refutes the idea that the jury had any passion or prejudice against defendants.

Instruction No. 1 for plaintiffs follows the law as announced in the cases of *Ulmer* v. *Pistole,* 76 So. 522, and *Flynt* v. *Fondren,* 84 So. 188, but even if it were error, appellants admit in their brief it could not reasonably be said to have misled the jury.

Argued orally by *Jas. A. Cunningham* for appellant, and *C. R. Bolton,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellees, Dan R. Hankins and others, the widow and children of Frank Hankins, deceased, brought this action in the circuit court of Itawamba county against appellant, a lumber company, for damages for the death of said deceased, caused by the alleged negligence of one of appellant's lumber truck drivers, resulting in a collision between one of its lumber trucks driven by such driver and an automobile owned and driven by one of the appellees, Rex Hankins, in which automobile the deceased, Frank Hankins, was riding as a guest of his said son. There was a trial and judgment in favor of appellees in the sum of two thousand five hundred dollars from which judgment appellant prosecutes this appeal.

Several errors are assigned and argued as grounds for a reversal of the judgment. It is urged with much force and ability that the evidence was insufficient to go to the jury on the question of liability; that therefore the trial court erred in refusing appellant's request for a directed verdict in its favor.

The collision occurred in Lee county on a road known as Bankhead highway between Tupelo and Fulton. The Bankhead highway between Tupelo and Fulton where the collision and injury occurred which resulted in the death of Frank Hankins is constructed of concrete and is eighteen feet wide. The highway runs almost due east and west. Appellant's lumber truck was being driven by one of its employees, Deaton, going east, while the automobile in which the deceased was riding as a guest of his son, appellee Rex Hankins, was being driven west. The testimony on behalf of the appellees tended to show that, as the automobile and truck approached each other, the automobile was traveling on the north, or right-hand side of the road, going at a speed of from ten to fifteen miles an hour, while the truck was traveling on the same side of the road, the left-hand side from it, and therefore, on the wrong side of the road, at a speed of thirty to forty miles an hour; that thus traveling the driver of the truck appeared not to have discovered the approach of the automobile until the latter and the truck were only about twenty-five yards apart, and that then the driver of the truck, instead of turning the truck to his right in order to avoid a collision, turned to the left and thus continued until the automobile and the truck were only ten or fifteen yards apart, when in an effort on the part of both drivers to avoid a collision, the truck ran into the automobile, wrecking it, and causing the death of the deceased, Frank Hankins.

Appellant's testimony tended to show substantially the converse of that of appellees. The principal witnesses for the respective parties, naturally, were the drivers of the truck and automobile. Their testimony was squarely in conflict, that of appellees making out a clear case of

liability, while that of appellant made out a perfect defense in its behalf. Appellant contends that the evidence for appellees is so unreasonable that it is unbelievable to the fair mind; that the physical condition of the truck and automobile after the wreck caused by the collision, as shown by the testimony without conflict, demonstrates the truth of appellant's testimony as to how the collision occurred and the falsity of that by appellees as to how it occurred. In other words, appellant's position is: That because of the physical condition of the automobile and the truck as shown by the testimony, the trial court should have overturned appellees' testimony as unworthy to go to the jury. Immediately after the collision between the truck and the automobile took place, Mr. Reese, the sheriff of Lee county, and Mr. Sims, a justice of the peace of that county, and others, were at the scene. The truck and the automobile had not been moved. They were exactly in the same position as they were when they stopped after the collision. It was a droughty spell, and there was dust on the eighteen-foot concrete road. There were still visible the tracks of the truck and of the automobile in the dust on the road as they came together. Reese, Sims, and others testified as to these tracks and as to the position of the automobile and the truck, which testimony tended to corroborate that of the driver of the automobile that the truck ran into the automobile in the manner testified to by him.

Issues of fact are to be tried by the jury. The court will not be justified in taking a case from the jury where there is substantial evidence tending to prove the plaintiff's case. The court cannot substitute its judgment on an issue of fact for that of the jury. The physical signs left on an automobile and a heavy truck resulting from a collision between them naturally would be, in a large measure, treacherous and uncertain in meaning. The jury heard the testimony as to their physical condition as well as the other testimony in the case. In addition, in considering the question, they had a right to draw on their own knowledge and experience in reference to such

matters. We are of the opinion that the trial court committed no error in refusing to direct verdict for appellant, and, furthermore, this is not a case where the evidence is so overwhelmingly against the verdict of the jury that the court would be justified in granting a new trial on that ground alone.

Appellant contended on the trial in the court below that the injury and death of deceased was brought about by the alleged fact that appellee Rex Hankins, the driver of the automobile, was a reckless driver which was known to the deceased, his father, and that at the time of the collision, he was negligently and recklessly driving his car, which was the proximate cause of the injury and death of deceased. Appellant submitted that theory of the case to the jury in the following instruction:

"The court instructs the jury for the defendant that if you believe from the preponderance of the evidence that Rex Hankins did on the occasion of this accident and other times on this trip before the accident so negligently operate his automobile as to put Frank Hankins, deceased, on notice that he, Rex Hankins, was a dangerous driver, and that it was dangerous to ride further with him, and that Frank Hankins, deceased, continued to ride with Rex Hankins, and that his injury and death was caused in whole or in part as approximate result of Rex Hankins' negligence, then the plaintiff cannot recover anything, and it would be your sworn duty to find for the defendant."

In order to meet that theory of appellant's defense, appellees had the court to instruct the jury as follows:

"The court charges the jury that the burden is upon defendants to show by a preponderance of the evidence that Rex Hankins was such 'a reckless driver as to put deceased on notice that it was dangerous to ride with him."

The giving of the latter instruction is urged by appellant as reversible error. Appellant contends that the instruction was misleading to the jury; that it does not embody a correct legal principle, and is in conflict with

other instructions given in the case; that the jury had a right to infer from the instruction that it was their duty to return a verdict for the appellees if appellant had failed to show by a preponderance of evidence that appellee Rex Hankins was such a reckless driver as to put deceased on notice that it was dangerous to ride with him.

We are of the opinion that appellant's criticism of the instruction is not well founded. Evidently the instruction was given appellees to meet appellant's theory of the case as embodied in the instruction first copied above. There was no error in the instruction so far as it went, and, taken in connection with the other instructions in the case, and especially appellant's instructions, it could not have been misleading to the jury. This court has held time and again that all of the instructions given in a case, both for the plaintiff and defendant, are to be considered together as one instruction. They are to be interpreted as a whole, and, when so viewed, if they embody the applicable law of the case, there is no error although some one or more instructions, taken alone, are incomplete.

The trial judge said during the progress of the trial: "I do not think that has anything to do with the case; he is dead, and died from that wound." This statement in the presence of the jury was objected to by appellant. We think this statement was harmless, because there really was no conflict in the evidence as to the fact that the injury done the deceased by appellant caused the former's death. We do not think appellant's other assignments of error are sufficiently serious to call for their discussion by the court. It follows from these views that the judgment should be affirmed on direct appeal.

Appellees prosecute a cross-appeal. There was a verdict of two thousand five hundred dollars. Appellees, considering that the amount of the verdict was wholly inadequate, made a motion for a new trial on the question alone of damages. This motion was overruled. Appellees' position is that the amount of the verdict was the result of passion and prejudice on the part of the jury. To

sustain their position, they rely principally on the case of *Belzoni Hardwood Co.* v. *Cinquimani*, 137 Miss. 72, 102 So. 470. As we view it, that case is not controlling here. There was no evidence in that case tending to show that deceased was guilty of any negligence contributing to his injury, while there is evidence in the present case tending to that effect. The jury may have reached the conclusion that, although appellant's negligence was the proximate cause of the injury, nevertheless the collision was due in part to the negligence of appellee Rex Hankins and his father in riding with him, and may have, without being instructed to that effect, diminished appellees' damages, as provided in chapter 135, Laws of 1910 (Hemingway's Code, section 502). The jury had a right to do this if the evidence justified it, even though not so instructed by the court. We cannot say that the verdict was the result of passion or prejudice.

Therefore the case is affirmed on cross-appeal.

*Affirmed on direct and cross-appeal.*