GIBSON v. A. T. WINEMAN & SONS.*

(Division A. Feb. 1, 1926.)

[106 So. 826. No. 25393.]

1. TRIAL. *All instructions must be considered together.*

All the instructions given must be considered together, one as limiting, modifying, or supplementing others.

2. DEATH. *Five hundred dollars for death of husband held inadequate.*
   Verdict for five hundred dollars to widow for death of husband, an
   able-bodied man, thirty-seven years of age and earning two
   dollars per day at time of receiving injury resulting in his death,
   *held* so grossly inadequate as to evince bias, passion, or prejudice
   on part of jury; particularly since there was no element of con-
   tributory negligence involved to reduce damages.

*Corpus Juris-Cyc. References; Death, 17 C. J., p. 1351, n. 10; Trial,
38 Cyc., pp. 1778, n. 73; 1779, n. 75, 76; Inadequate damages for personal
injuries resulting in death, see note in L. R. A. 1916C, 820; 8 R. C. L.,
p. 681; 2 R. C. L. Supp., p. 640; 5 R. C. L. Supp, p. 481.

APPEAL from circuit court of Washington county.
HON. S. F. DAVIS, Judge.

Suit by Ida Gibson against R. P. Wineman and anoth-
er, a partnership doing business under the firm name of
A. T. Wineman & Sons. From a judgment for plaintiff,
she appeals on the ground of insufficient damages, and
defendants cross-appeal. Affirmed in part and reversed
in part, and remanded, with directions.

Wasson, Nelson & Wasson, for appellant.

We do not comprehend upon what theory the jury be-
fore whom this cause was tried considered that five hun-
dred dollars was an adequate compensation to this ap-
pellant for the established negligence of appellees in
causing the death of her husband, and this in view of
the instructions guiding the jury in an ascertainment of
damages by the only means and standards known to the
law.

Ida Gibson, a necessitous, friendless, ignorant, re-
spectable negro woman is deprived of her home and hus-
band, and the source of her support and maintenance.
Aaron Gibson, at the time of his death, was thirty-seven
years of age; he was earning and receiving from the ap-
pellees a wage of two dollars per day. He was a dutiful
husband and a good man, working steadily and endeavor-
ing to provide for his wife as best he could within his

limited sphere of ability and usefulness. But we see him transformed, in the twinkling of an eye, from a stalwart, able-bodied man engaged in his work for the appellees, to a helpless, broken mass of dying humanity, subjected to excruciating physical pain and mental anguish brought about by the knowledge of the presence of death.

Citation of authorities is deemed wholly unnecessary to support the instruction given by the court for the plaintiff in which the jury was told that Ida Gibson, the appellant, is entitled at their hands to recover from the appellees such compensation as would have been awarded to Aaron Gibson, had he lived, for the physical pain and mental anguish which he suffered by reason of appellees' negligence. Did the jury accord due consideration to this vital element of damages? We submit that they did not. From the American Experience Table of Mortality, Aaron Gibson's life expectancy was thirty and thirty-five hundredths years. The jury was fully instructed as to the method for ascertaining the net cash value of the life expectancy of the deceased in this instance. The table was not introduced in evidence on the trial of this cause, nor was it necessary to do so for the purposes of this appeal, in order that this court may determine whether or not the amount awarded to appellant as damages is inadequate. 20 Amer. & Eng. Encyc. Law (2 Ed.), page 886; 17 C. J., sec. 331, page 1036.

Viewing the case in its entirety, can it be said that justice has been done? Can it be said that an impartial jury weighing the value of the testimony and the elements of damage accruing to this appellant, arrived at the amount of damages awarded by the verdict *without any extraneous inducement whatever?* That the jury was wholly unbiased and without prejudice in making the award, and that five hundred dollars is an adequate compensation for the terrible pain and suffering borne by the deceased, and the staggering loss to this appellant caused by the gross negligence of the appellees? Guided by the rules of law, *the jury could not logically or* conscientious-

ly, as a whole, have considered the amount of damages adequate in this instance.

*Watkins, Watkins & Eager,* for appellees.

*A jury's finding upon certain facts should stand, if those facts support their finding and they are free from prejudice in the premises.* The plight of Ida Gibson is indeed pitiful, but her rights have not necessarily been undertrodden and abused because a jury of twelve good and lawful men were not moved to pity, but instead, gave her what she deserved under the facts of the case, after careful deliberation. No doubt Aaron Gibson did suffer before his death, but who can say better than an unprejudiced jury of twelve good men how much and how intensely he suffered? Because a man suffers to an unknown degree, is that reason why he should be considered as suffering in a certain enormouos pecuniary amount? Perhaps Aaron Gibson suffered no more than a person with an ordinary headache, who knows? The jury certainly had as much reason to believe his suffering was slight as they would have had to believe that it was in some terrible and inconceivable degree.

Counsel contend that the jury must have ignored the life expectancy of Aaron Gibson, and, in the ardor of supporting this contention, seem to have lost sight of the fact that the economic condition of the deceased was of a very low order, and that he could never have even contemplated on turning his future time into many more dollars than were given to his wife by Mr. Otto Wineman and the jury that tried this case in the lower court. The determination of the amount of damage arising from the alleged wrongful death of a person must, of necessity, be largely speculation. The jury in all such cases is given wide latitude and allowed to use much discretion in making up the verdict. *City of Vicksburg* v. *McLain,* 67 Miss. 4; *Lane* v. *United Electric L. & W. Co.,* 90 Conn. 35, L. R. A. 1916 C. 808; *Grafton* v. *Delano,* 154 N. W. 1009; *Wabash* v. *Carver,* 129 Ind. 552, 13 L. R. A. 851,

29 N. E. 25.   See, also, *Re California Nac. & Improv. Co.,*
110 Fed. 670; *Southern P. Co.* v. *Lafferty,* 6 C. C. A. 474,
15 U. S. App. 193, 57 Fed. 536; *Pittsburg C. C. & St. L.
Ry. Co.* v. *Burton,* 37 N. E. 150; *Brikett* v. *Knickerbocker
Ice Co.,* 18 N. E. 108; *Wabash R. Co.* v. *McDaniels,* 107
N. E. 291.

COOK, J., delivered the opinion of the court.

Ida Gibson, the widow and sole hear at law of Aaron
Gibson, brought suit against R. P. Wineman and Otto
Wineman, a partnership doing business under the firm
name of A. T. Wineman & Sons, for the death of her
husband caused by the alleged negligence of the defend-
ants.   There was a verdict in favor of the plaintiff for
the sum of five hundred dollars, and from this judgment
the plaintiff has prosecuted an appeal on the ground that
the damages awarded are grossly inadequate, while the
defendants have prosecuted a cross-appeal from the ver-
dict establishing their liability.

To the declaration there was filed a plea of the general
issue, and also a special plea averring that appellant's
claim had been compromised and settled for the sum of
one hundred dollars, and that she had signed and exe-
cuted a full release of all her claim for damages.   The
appellant denied that she signed a release with knowledge
of its nature and contents, and denied that it was a full
and complete settlement of her claim for the death of her
husband, and averred that, while she signed a paper,
presented to her by Otto Wineman, one of the defend-
ants, by making her mark thereto, ''she is an ignorant,
illiterate negro woman, unable to read or write, and the
paper to which she placed or made her mark was so
signed by her at the office of the defendants at a time
when she was without any one to advise her as to her
rights; that she was called to the office of defendants
through a message from defendants, from the under-
taker's place of business, where her said deceased hus-
band was then being prepared for burial, and that she

was in great mental distress and anguish; that she did not know the effect of the instrument which she may have signed—did not know and was not informed as to its contents; that said Otto Wineman, one of the defendants, represented to her that the paper she was asked to sign simply had reference to insurance which the defendants carried on their employees, and said Otto Wineman did not inform her, nor was she informed by any one, that she was signing a release of any claim which she might have against the defendants; that the said Otto Wineman represented to her that the defendants were not liable to her for any damages on account of the death of her said husband; that said defendant Otto Wineman took advantage of plaintiff's situation and hurriedly obtained her release before she had an opportunity to confer with friends, and that her signature was obtained by fraud and misrepresentations upon the part of said Otto Wineman; that she never received from the defendants any amount whatever, but she is informed and believes that defendants paid to the undertaker who buried said Aaron Gibson the sum of one hundred dollars by check of the defendants given by them to said undertaker.''

The cross-appellants were operating a sawmill in the city of Greenville, and as a part of the machinery of this sawmill they had certain devices denominated ''kickers'' which were operated by steam and used to move saw logs. Attached to each of these ''kickers'' was a heavy steel beam or arm which moved these logs. At the time the deceased was injured he was engaged in removing trash and rubbish which constantly accumulated under the mill and under these ''kickers.'' While he was working directly under one of these ''kickers,'' the heavy steel beam thereof came loose from its socket or fastening and fell through to the ground or floor below, striking the deceased on the head, and inflicting an injury from which he died the following day. In view of the fact, however, that the only assignment of error pressed by the cross-appellant does not challenge the sufficiency of

the evidence to sustain the finding of the jury on the question of liability, we deem it unnecessary to set out the evidence bearing upon that question. Upon the question as to the validity of the release signed by the appellant, the testimony was conflicting, and this issue was submitted to the jury under proper instructions, and no complaint is made as to the finding of the jury upon that issue.

The only assignment of error urged by counsel for the cross-appellant is based upon an instruction for the plaintiff which authorized a recovery if the injury to the plaintiff's husband was caused through the negligence of the defendants as alleged in the declaration. If this instruction stood alone there might be some merit in the contention of counsel that it is erroneous on account of the reference to the negligence alleged in the declaration, without incorporating the facts which would support a finding of negligence, or from which the inference of negligence might be drawn; but all the instructions must be considered together, one as limiting, modifying, or supplementing others. When the numerous instructions in this case are so considered, we think the law applicable to the facts was fairly and accurately given, and that there is no reversible error bearing upon the question of liability.

At the time he received the injury which resulted in his death, the appellant's husband was an able-bodied man, thirty-seven years of age, and was earning the sum of two dollars per day. He was injured some time during the afternoon, and until he lapsed into unconsciousness sometime after 11 o'clock that night he suffered intense pain. There was no element of contributory negligence involved to reduce the damages, and the appellant was entitled to recover damages of every kind to the decedent, and also all damages of every kind to her as the widow, and we think the damages awarded are so grossly inadequate as to evince bias, passion, or prejudice on the part of the jury.

The judgment of the court below will therefore be reversed insofar as it adjudges the amount of damages to be recovered, but in all other respects it will be affirmed, and the cause remanded for the purpose only of assessing the damages to be recovered.

*Affirmed in part, and reversed in part.*