BASS *v.* BURNETT.[*]

(Division A. Jan. 14, 1929.)

[119 So. 827. No. 27283.]

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, section 2992, p. 1009, n. 98; section 2996, p. 1013, n. 26; Libel and Slander, 36CJ, section 193, p. 1232, n. 5; 317CJ, section 502, p. 85, n. 42; Trial, 38Cyc, p. 1779, n. 75. Truth as a defense to a civil action for libel or slander, see annotation in 21 L. R. A. 502; 31 L. R. A. (N. S.) 132; 50 L. R. A. (N. S.) 1040; 17 R. C. L. 325; 3 R. C. L. Supp. 654; 4 R. C. L. Supp. 1119; 6 R. C. L. Supp. 1008.

*Ely B. Mitchell,* for appellant.

*W. C. Sweat,* for appellee.

Cook, J. W. D. Bass, appellant, sued T. F. Burnett, appellee, for damages for alleged slander; and there was a verdict and judgment for the defendant, from which this appeal was prosecuted.

The declaration was in two counts, the charges of each being practically the same and substantially as follows: That on or about the 9th day of June, 1927, there was pending in the chancery court of Alcorn county a cause styled "*T. F. Burnett* v. *W. D. Bass et al.,*" and the appellant was sworn as a witness and gave evidence in said cause at the trial thereof before the chancellor; that the proper location of a certain fence on or near the north side of block 240 of West Corinth, Miss., was in controversy in said cause; that said appellant, as a wit-

ness in said cause, testified that said fence had been moved north some twenty-four feet, which said statement was the truth and known to be the truth by the appellee; that thereafter the appellee, Burnett, maliciously intending to injure the appellant in his good name, credit, and reputation, and discredit his work as a minister of the gospel, and to bring him into public disgrace among his friends and acquaintances, on different occasions, and in the presence and hearing of divers persons, falsely and maliciously spoke and published of and concerning the appellant the false, slanderous, malicious, and defamatory statement that he, the appellant, had sworn lies when he swore that said fence had been moved; and that said appellant swore falsely as a witness in said chancery suit, meaning and intending thereby to charge that the appellant as a witness in said chancery cause swore falsely therein.

In response to a motion to require the appellant to file a bill of particulars specifying when the alleged slanderous words were spoken, the place where they were spoken, and the person or persons present when they were spoken, the appellant filed a bill of particulars setting forth the information thereby required.

To this declaration, the defendant, appellee herein, filed a plea of the general issue and a special plea averring that at the trial of the cause in the chancery court, which was referred to in the appellant's declaration, the appellant and other witnesses testified that the appellee had moved a certain fence about twenty-four feet; that appellee, his wife, and other witnesses testified that said fence had not been moved by him, thereby squarely presenting an issue as to whether the fence had been moved; that, as a matter of fact, the fence had not been moved, and, knowing this to be true, he had made the statement that those who testified that the fence had been moved testified falsely, or words to that effect; and that in making such statement the appellee did so in good

faith and with no purpose to injure any one, and without malice, and in defense of the testimony that had been given by himself, his wife, and other witnesses, which was, in fact, true.

The appellee filed a second special plea, in which it was averred that the words alleged to have been spoken by him, as set out in the declaration, were, in fact, the truth; that the fence had not been removed by the appellee, as the appellant had testified; and that it was known to the appellant at the time he so testified that the said fense had not in fact been moved by him.

Upon the issue thus presented by the pleas of justification on the ground of the truth of the alleged defamatory matter, the court below properly limited the evidence to the determination of the question of whether the fence in question had in fact, been moved at the time of the trial of the former chancery suit; or, in other words, to the determination of the question as to whether the appellant knowingly testified falsely when he testified in that trial that the appellee had moved the fence about twenty-four feet north from where it had been placed, and where it properly belonged. Upon this issue the appellant offered a number of witnesses to establish the fact that the fence had in fact been moved by the appellee, as testified to by him in the chancery court trial; and that when he so testified he spoke the truth. The appellee then offered a number of witnesses to show that the fence had not been moved at the time of the trial of the chancery suit, and that he had never moved the fence. Upon this controverted testimony as to the truth of the alleged defamatory statements, the cause was submitted to the jury under instructions which authorized a verdict for the plaintiff, unless the defendant had shown by a preponderance of the evidence that the charge that the appellant had sworn falsely was true; and which directed the jury to return a verdict for the appellee if they believed from a preponderance of the evidence that the

fence in question had not in fact been moved, and that the appellant knew it had not been moved when he testified in the chancery court that it had been moved. Under these instructions, the jury returned a verdict for the appellee, defendant in the court below; and from the judgment entered thereon, this appeal was prosecuted.

It is a well-established principle that the truthfulness of the alleged defamatory words spoken may be shown in justification, and that the truth of the words employed is a complete defense to an action for slander. In 17 R. C. L., p. 325, this doctrine is announced in the following language: "Proof of the truth of the defamatory words employed is, as a rule, a complete defense in an action for libel or slander in the absence of a statutory provision to the contrary. The fact that evil motives prompted the defendant to publish the truth will not impair his defense, nor is it material that the defendant did not know at the time of his publication, that he was speaking the truth." In 36 C. J., p. 1231, the same principle is announced in the following language: "In the absence of statutory or constitutional provision to the contrary, the general rule is that in all civil actions of libel or slander, defendant is justified in law and exempt from all civil responsiblility, where he alleges and establishes the truth of the matter charged as defamatory, whether the words are actionable *per se* or *per quod,* and notwithstanding the publication was malicious, or without reason on the part of defendant to believe the imputation to be true." The decisions of this court are in line with the general rule that the truth of the alleged defamatory words is a complete defense of an action of slander. *Jarnigan* v. *Fleming,* 43 Miss. 710, 5 Am. Rep. 514; *Neely* v. *Payne,* 126 Miss. 854, 89 So. 669. Where the truth of the words spoken is pleaded as a defense in such an action, the burden is on the defendant to establish such defense; and in the case at bar, this required not only that the defendant establish by a preponderance

of the evidence that the fence in question had not in fact been moved by him, but also that the appellant knew that it had not been moved when he so testified. The court so instructed the jury, and by their verdict they so found.

The appellant first complains of the exclusion of the testimony of his immediate vendor, Mrs. R. L. Morrison, whose deposition was taken and offered in evidence. This witness testified that she did not know where the fence was located on the south side of the tract of land that she sold the appellant; that she did not pay any attention to it, and did not know whether the fence had been moved or changed. After repeated readings of her deposition, we do not see that her testimony threw any light upon the issue in controversy, or that the appellant was prejudiced by the exclusion thereof.

The appellant next complains that the court erred in refusing to permit him to testify that, before the trial of the chancery suit, the appellee stated to him in the presence of Dr. J. A. Borroum that, if he swore the fence had been moved, he would swear a lie. Conceding, for the purpose of this decision only, that the court erred in excluding this testimony, the appellant was not prejudiced thereby, for the reason that the appellee admitted making this statement; and Dr. Borroum, as a witness for appellant, stated that the appellee made the statement in his presence, and he testified fully in regard thereto.

The appellant also complains of the refusal of the court to permit him to prove mental anguish or suffering, and in refusing to grant an instruction authorizing the jury to return a verdict for mental suffering. In reply to this argument, the appellee contends that the rule applicable in this state, in actions for negligence, that damages for mental anguish disconnected from physical suffering are not recoverable, applies to actions for slander and libel. It will be unnecessary to here decide whether or not damages for mental anguish are recover-

able in an action for slander, for the reason that, if it be conceded that the court below committed error in holding that such damages were not recoverable in this case, this error cannot avail the appellant, for the reason that, by the verdict of the jury, he failed to establish liability for any damages, even nominal. The appellant testified fully as to the damage to his reputation and standing in his profession or vocation, and proof of mental suffering could only have been admitted as an added element of damages; and since the jury found that there was no liability for any damage, the appellant was not prejudiced by the failure of the court to submit this additional element.

We have carefully examined each of the other assignments of error which are based upon the admission and exclusion of evidence, and we are of the opinion that none of them are of sufficient merit to call for a discussion thereof.

Finally, the appellant complains of two instructions granted to the appellee. If these two instructions were to be considered separate and apart from the other instructions in the case, they might be considered as inaccurate and misleading; but all instructions given in a case, both for the plaintiff and defendant, are to be considered together, one as supplementing or modifying another; and if, when so considered and interpreted, they present the law applicable to the case fully and fairly, the court will not reverse for the giving of a single instruction, which, taken alone, is not free from criticism. *Haynes-Walker Lumber Co.* v. *Hankins*, 141 Miss. 55, 105 So. 858; *Gibson* v. *Wineman & Son*, 141 Miss. 573, 106 So. 826; *Mutual Life Insurance Co.* v. *Vaughan*, 125 Miss. 369, 88 So. 11. When all the instructions in the case at bar are considered together, we think they fully and fairly state the law applicable to the facts, and that this record presents no reversible error. The judgment of the court below will therefore be affirmed.

*Affirmed.*