205 So.2d 267 (1967)
Mrs. Ida G. TIPPIT
v.
Mrs. Jane HUNTER.
No. 44640.
Supreme Court of Mississippi.
December 11, 1967.
*269 Hunter M. Gholson, Columbus, for appellant.
Stennis & Kenneday, Macon, for appellee.
RODGERS, Justice:
This is a damage suit for personal injuries sustained in a motor vehicle collision. The accident occurred September 23, 1963, on a paved highway running east and west between Macon, Mississippi and Memphis, Alabama. Mrs. Jane Hunter was operating a 1959 Chevrolet, the property of Bobby Jack Hunter. She was traveling in a westerly direction. Mrs. Ida G. Tippit was operating a 1962 Falcon automobile and traveling in an easterly direction. The automobiles met in a "head-on" collision. The drivers of these two automobiles were the only eyewitnesses, and each claimed that the accident occurred in her lane of travel. The sheriff of Noxubee County was called to the scene. He made a careful examination of the skid marks, the positions of the autombiles, and other significant facts including measurements. Several pictures were taken and offered in evidence, but only one is part of the record on appeal. Other witnesses went to the scene of the accident and testified before the trial jury.
The plaintiff, Mrs. Ida G. Tippit, suffered serious bodily injuries. She received a compound fracture of her left humerus; a compound fracture of her left tibia; a compound fracture of the right patella; comminuted fracture of the right calcaneus; a fracture of her left phalanx; fracture of her ribs; punctured left lung from fractured ribs; multiple lacerations; contusions; abrasions; and internal injuries. She was hospitalized for a month and was confined to a wheel chair for several months. She was finally able to walk by the use of a walker which she used until February, 1964. The accident caused the plaintiff permanent partial disability by the loss of the use of her legs and arms and by the removal of part of her kneecap, as well as a permanent injury to her lungs, making her incapable of full chest expansion and normal breathing. The evidence shows that the plaintiff suffered continual pain and periodic, severe, and excrutiating pain and suffering from the time of the accident up *270 to and including the trial. The plaintiff has suffered serious and permanent injuries as a result of the accident.
The jury accepted the plaintiff's theory of the law suit, and returned a verdict in favor of Mrs. Tippit in the sum of $2000. She made a motion for a new trial upon the ground that the damages awarded by the verdict of the jury were inadequate to compensate the plaintiff for the serious injuries sustained as a result of the accident growing out of the negligence of the defendant, Mrs. Jane Hunter.
The appellee has cross-appealed, and states that she "is not particularly concerned about the affirmation * * * of the judgment rendered in the court below * * *. However, she feels strongly that, if the case is reversed, it should be reversed in toto."
A careful reading of the record reveals that the trial in this case is a typical jury case. The jury has resolved the issue of negligence in favor of the plaintiff, and we cannot say that the verdict is contrary to the facts shown by the testimony. Moreover, it is apparent from the foregoing statement of facts that the plaintiff has suffered injuries entitling her to much greater damages than were accorded by the jury. The case must therefore be reversed, so that a new trial may be had because of the inadequacy of the damages awarded. See Johnson v. Wilkinson, 254 Miss. 475, 182 So.2d 224 (1966); Whatley v. Delta Brokerage & Warehouse Co., 248 Miss. 416, 159 So.2d 634 (1964); Ladner v. Merchants Bank & Trust Co., 251 Miss. 804, 171 So.2d 503 (1965); Dunn v. Butler, 252 Miss. 40, 172 So.2d 430 (1965).
Since this case must be reversed, the next question to be determined is whether or not this case should be reversed for a new trial on all issues, or affirmed as to liability and reversed so that a new trial may determine adequate damages.
The appellee, the cross-appellant, contends on cross appeal that the trial court committed eight reversible errors which were prejudicial to her case, so that she is now entitled to a new trial, free of error. She says that (1) plaintiff's instructions 2, 3 and 4 were erroneous; (2) the trial judge's remarks in the presence of the jury were erroneous; (3) evidence of a conversation between appellant and her doctor admitted over objection was error; (4) insurance was allowed to be injected into the trial over the objection of the defendant; (5) certain pictures shown to the jury were inadmissible in evidence; (6) appellant's husband was permitted to testify that he discussed insurance with appellee's husband over the objection of the appellant; (7) appellant's husband was permitted to testify to damages not set out in the declaration; (8) the trial court erred in failing to declare a mistrial when the insurance issue was injected into the trial by the appellant.
Considering these assignments of error in order above set out, we begin at the end of the trial with the instructions.
The appellee, cross-appellant, complains that the instruction granted the appellant, Mrs. Ida G. Tippit, permitted the jury to return a verdict for "all" the damages suffered by the appellant, when in fact, appellant did not sue for hospital and medical expenses. Appellee, cross-appellant, points out that one of the instructions permitted the appellant to recover for "loss of time and loss of earning capacity," and there is no evidence in the record as to these items. All instructions on damages apparently had little effect on the verdict of the jury, since the verdict was grossly inadequate to compensate the appellant for the serious injuries sustained; moreover, the evidence does show that appellant lost capacity to earn. It is therefore obvious that the instructions were not prejudicial to the appellee, cross-appellant.
We find no reversible error in the instructions granted the appellant on the issue *271 of negligence; moreover, instruction number 7 granted the appellee, cross-appellant, is almost the same instruction as number 2 granted the appellant. Instruction number 8 for the appellee, cross-appellant, is almost the same as appellant's instruction number 4. Defects in an instruction are not prejudicial error for which a case will be reversed where all instructions together fairly announce the law applicable to the case. Jackson Yellow Cab Co. v. Alexander, 246 Miss. 268, 148 So.2d 674 (1963).
The fourth assignment of error is not well taken, because the mere fact that one of the parties testified that she kept a lookout "down the road in front of me" did not prevent the court from granting an instruction as to her failure to keep a lookout. This is especially true since appellee, Mrs. Hunter, testified that "just out of nowhere came the Ford Falcon." The driver of an automobile is chargeable with knowledge of all conditions which would be obtainable by the reasonable exercise of his faculties. It is his duty to see that which is in plain view or open and apparent and to take notice of obvious dangers. He must be regarded as having seen what he would have necessarily seen had he been looking, and if an automobile driver fails to reasonably observe that which was apparent and within clear view, the jury can reasonably determine from the circumstances that he was not keeping a proper lookout. Lee v. Reynolds, 190 Miss. 692, 1 So.2d 487 (1941); Gray v. Felts, 241 Miss. 599, 131 So.2d 454 (1961); Kettle v. Musser's Potato Chips, Inc., 249 Miss. 212, 162 So.2d 243 (1964); Babbitt, Motor Vehicle Law § 2257 (4th ed. 1933).
The appellee, cross-appellant, complains that the trial judge told the jury that "she had pulled as far to the right as she could." This statement came about on cross-examination of the plaintiff, appellant, by the attorney for the appellee, cross-appellant.
Appellee, cross-appellant, cites Dickinson v. Koenig, 242 Miss. 17, 28, 133 So.2d 721, 725 (1961), as authority for this ground of objection. In that case the judge expressed his opinion on the common knowledge as to the weight of the evidence. An objection was made, and he attempted to correct his error by requesting the jury to disregard it, but then he said: "I don't think that is material one way or the other." On appeal this Court recognized the error and stated: "We think that when all the questions and rulings are considered as a whole that it was error for the trial judge to make the comments, but we do not think that it constitutes reversible error."
In Haynes-Walker Lumber Company v. Hankins, 141 Miss. 55, 105 So. 858 (1925), in which the court made a similar statement, this Court held on appeal that the error was harmless. See also 53 Am.Jur. Trial § 79 (1945).
In the instant case the Judge was not making a statement on the weight of the evidence. He was merely attempting to refresh the defense attorney's recollection as to what the witness had said. The jury heard all that had preceded and could not have been misled as to what was intended by the court's expression to the attorneys. Moreover, in order to obtain a review of the question of propriety of remarks or conduct of the trial judge during a trial, the remarks must be especially called to the attention of the trial judge when made, and a correction requested or a proper objection made at the time. Jackson Yellow Cab Co. v. Alexander, 246 Miss. 268, 148 So.2d 674 (1963).
In the present case the trial judge's statement was not brought to his attention by an objection or otherwise. We are therefore of the opinion that the alleged error is not well taken. Reece v. State, 154 Miss. 862, 123 So. 892 (1929); see also 89 C.J.S. Trial § 659 (1955).
*272 The appellee, cross-appellant, objects to the testimony that appellant's husband employed someone to help keep house during the time his wife, the appellant, was ill, upon the stated ground that the declaration did not allege this as a recoverable damage. We are of the opinion that this objection was properly overruled by the court for two reasons: (1) She could not bring a suit for damage accruing to her husband for money expended by him for household servant; and (2) The testimony was admissible to show that she was unable to do her regular household chores as a result of the accident.
We said in Rayner v. Lindsey, 243 Miss. 824, 837, 138 So.2d 902, 907 (1962) that:
"The general rule of evidence requires the admission in evidence of all facts and circumstances which are relevant to the issue and afford reasonable inferences or throw light upon the matter in issue, and are not inadmissible because of some exclusionary rule of evidence."
It is said in 31A C.J.S. Evidence § 158 (1964):
"It is a basic rule of evidence that evidence of whatever facts are logically relevant to the issue is legally admissible except as may be excluded by some specific rule or principle of law, while evidence of facts which are not logically relevant to the issue is not admissible, the onus of showing the relevancy intrinsically or in connection with other facts of a fact offered in evidence being on the party offering the evidence. It follows, therefore, that the rules of evidence are largely those of exclusion, and that evidence is often admitted by the trial court not because it is shown to be competent, but because it is not shown to be incompetent."
The textwriter of Jones on Evidence, Pocket Edition § 173 (2d ed. 1908) has this to say:
"There is no more familiar principle in the law of evidence than this, that if the testimony proposed is relevant and is not forbidden by some one of the exclusionary rules of evidence, it should be received. It is not a sufficient objection that the evidence proposed is of little weight, since that is a matter addressed solely to the jury; nor is the proposed testimony to be necessarily rejected because it may not bear directly upon the issue. If it forms a link in the chain of testimony or tends in any degree to establish the fact in controversy, it should be received. * * * Although the evidence may be irrelevant for one purpose, it may be relevant as to other facts in issue; and, if so, it should be received; but in such case it is proper that the court should explain to the jury the purpose for which it is admitted and restrict its application."
The appellee, cross-appellant, complains that the trial judge permitted the appellant to testify that her doctor told her that her bones would not improve any further and would more likely deteriorate than improve. This testimony came in response to the following question on cross-examination by appellee's attorney: "Would you explain why it was you waited two and a half years to file your suit?" This attorney had just previously asked the appellant the following question: "And the truth of the matter is that you had already been paid five thousand dollars because of this accident, hadn't you?" The clear inference from this interrogation was that she had not brought suit because someone had paid her $5000 and that she brought suit two years later because this source of money was no longer available.
The trial judge sustained an objection to questions with reference to the payment of money, but permitted her to tell why she waited two years to bring the suit.
Although it is true that cross-examination of a witness may extend to matters not strictly relevant to the issues involved for the purpose of impeachment (Arnold *273 v. Reece, 229 Miss. 862, 92 So.2d 237 (1957); 98 C.J.S. Witnesses § 399 (1957)); nevertheless, wholly immaterial evidence may not be elicited from the witness on cross-examination.
The textwriter points out in 58 Am.Jur. Witnesses § 622 (1948) that "a party is not permitted, under the guise of cross-examination, to introduce evidence that is wholly irrelevant to the issues or to introduce evidence which under the rules governing admissibility of evidence is incompetent. Such evidence may not, on cross-examination, be placed before the jury under the guise that it impeaches or discredits the witness."
Where questions on cross-examination of a witness before the jury hint at the existence of facts being withheld from the jury by the judge and imply that, if the truth were known to the jury, the facts withheld by the judge would settle the case in favor of the party who is unable to present the facts, the trial judge should prevent such interrogation. See cases collected in Annotation, 109 A.L.R. 1089 (1937).
We are of the opinion that the trial judge acted properly in permitting the appellant to tell the jury why she did not bring the suit, although her reason grew out of what her doctor had told her.
The seventh assignment of error with reference to a discussion of insurance with one of the witnesses is not well taken, because the evidence does not show or hint that the insurance discussed was automobile liability insurance.
The appellee, cross-appellant, objected to the introduction of some photographs, said to show the position of the automobile upon the highway after the accident, upon the theory and ground that one of the automobiles had been moved from the place where they came to rest after the accident. Two of these pictures were shown to the jury, but upon motion of the appellee, cross-appellant, the court sustained the motion and directed the jury to disregard the pictures. The pictures are not before us, and we are unable to ascertain whether or not they were prejudicial. See Louisville & N.R.R. v. Daniels, 252 Miss. 1, 172 So.2d 394 (1965). However, if it were doubtful as to whether or not these pictures were admissible in evidence over the objection of the attorney for appellee, cross-appellant, their introduction in evidence would not constitute a reversible error because the verdict in favor of the appellant is supported by ample competent evidence other than the pictures. Cinderella Foods, Div. of Stevens Indus. v. Miller, 52 So.2d 641 (Miss. 1951); State for Use of Powell v. Moore, 252 Miss. 471, 174 So.2d 352 (1965); City of Hattiesburg v. Hillman, 222 Miss. 443, 76 So.2d 368 (1954); Maxedon v. City of Corinth, 155 Miss. 588, 124 So. 795 (1929).
After a careful examination of the record in this case, we are of the opinion that it was fairly tried and that the verdict of the jury as to the liability of the appellee, Mrs. Jane Hunter, is substantiated by the evidence; therefore, we affirm the verdict as to her liability, but reverse the verdict and judgment of the trial court as to the amount of damages. We grant a new trial on the question of damages alone. The case is, therefore, reversed and remanded for a new trial on the issue of damages only. The appellee, cross-appellant, filed a counterclaim which she later withdrew; she did not plead contributory negligence; and the testimony is insufficient to establish contributory negligence on the part of appellant.
Reversed and remanded on issue of damages alone.
GILLESPIE, P.J., and BRADY, PATTERSON and SMITH, JJ., concur.