Peter J. CASANO, Plaintiff-Appellant,

v.

WDSU–TV, INC., Defendant-Appellee.

No. 71–1547.

United States Court of Appeals,
Fifth Circuit.

July 7, 1972.

Frank J. D'Amico, New Orleans, La., Walter J. Phillips, Bay St. Louis, Miss., for plaintiff-appellant.

George E. Morse, White & Morse, Gulfport, Miss., Stephen B. Lemann, Monroe & Lemann, New Orleans, La., for defendant-appellee.

Before RIVES, COLEMAN and DYER, Circuit Judges.

RIVES, Circuit Judge:

During August, 1969, while Jim Garrison was seeking re-election as District Attorney for Orleans Parish, Louisiana, defendant WDSU–TV, Inc., televised

three newscasts aimed at disclosing facts of interest concerning Mr. Garrison's qualifications and fitness for office. All three telecasts were primarily concerned with Garrison's alleged criminal activities and asserted connection with members of the underworld. During those newscasts, several references were made to plaintiff, Peter J. Casano, which arguably suggested that he was connected with members of the underworld. Casano filed this diversity action seeking $1,000,000 general and $1,000,000 punitive damages. The district court, per Judge Nixon, 313 F. Supp. 1130, denied defendant's pretrial motion for summary judgment. Judge Cox presided over the trial, and at the close of plaintiff's evidence, granted WDSU–TV's motion for directed verdict. We affirm.

In New York Times Co. v. Sullivan, 1964, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, the Supreme Court announced a first amendment privilege inuring to the press and news media when involved in commenting upon public officials and figures. Because of the importance attributable to a forum for robust discussion concerning any such individual, he may recover in a libel action against the press or news media only when the defendant has defamed him with malice—*i. e.*, with knowledge of falsity or in reckless disregard for the truth. In Rosenbloom v. Metromedia, Inc., 1971, 403 U.S. 29, 91 S.Ct. 1811, 29 L.Ed.2d 296, the Court expanded the privilege to protect comment on purely private figures who are involved in matters of public or general concern. See also Bon Air Hotel, Inc. v. Time, Inc., 5 Cir. 1970, 426 F.2d 858; Time, Inc. v. McLaney, 5 Cir. 1969, 406 F.2d 565.

Defendant contends that any references to Casano contained in the broadcasts at issue were substantially true. Aside from any constitutional privilege, in Mississippi truth is an absolute defense.[1]

Moreover, it is argued that in any event the statements concerning Casano were not maliciously made as required by *Sullivan* and *Rosenbloom, supra.* The district court found, as a matter of fact and based upon the testimony of Casano's witnesses, that the references to Casano were substantially accurate with the possible exception of the statement that Casano was a "Marcello connected attorney." Marcello is reputedly the Don of New Orleans' Cosa Nostra. We are in agreement with the district judge's view and are unable to discern any error in his findings of fact.

Moreover, said the district judge, even if Casano was not actually a "Marcello connected attorney," WDSU–TV's characterization of him was made without malice. In support of that finding the judge first noted that there was no evidence of any acquaintance between WDSU and Casano or between the WDSU reporter, Iris Kelso, and Casano, and that there was no vindictive motive. Furthermore, there was testimony by Kelso that she had undertaken to investigate Casano's relationship with Marcello and had learned: (1) that Casano was a law partner of the Occhipinti brothers, whose connection with Marcello was amply authenticated,[2] and (2) that Casano had engaged in dealings with Leon Salloum, who thereafter was charged with a crime[3] and whose relationship with Marcello was also well established. On the basis of that knowledge, said the district court, WDSU's connection of Casano with Marcello

1. Bass v. Burnett, 1929, 151 Miss. 852, 119 So. 827; Taylor v. Standard Oil Co., 1939, 184 Miss. 392, 186 So. 294, 296; Conroy v. Breland, 1939, 185 Miss. 787, 189 So. 814, 816; 53 C.J.S. Libel and Slander § 137; 50 Am.Jur.2nd, Libel and Slander § 179.

2. At the time of trial Casano was still a member of that partnership.

3. Admittedly, criminal charges were lodged against Salloum after his dealings with Casano had terminated.

was not shown to be malicious. We agree.

■■ To prove malice Casano must show malice, actual or constructive, with "convincing clarity." Bon Air Hotel, Inc., *supra*, 426 F.2d at 864. Casano has failed to meet that burden. At most, any error of WDSU was the result of "investigatory failure," which is not tantamount to malice. Curtis Publishing Co. v. Butts, 1967, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094.

We are in harmony with the district judge's sympathetic statement that:

"The plaintiff is unquestionably a very high class lawyer and enjoys an excellent reputation, but he unfortunately had some colorable business connections in the New Orleans area at the time of a very hot political race in New Orleans."
(App. 400.)

Affirmed.