The **FORT MOJAVE TRIBE, By and Through its Tribal Council in Class Action on behalf of all members of said Tribe, Plaintiff-Appellant,**

v.

**William L. LAFOLLETTE et al., Defendants-Appellees.**

No. 71–1967.

United States Court of Appeals, Ninth Circuit.

May 16, 1973.

Raymond C. Simpson (argued) of Simpson & Rehkop, Long Beach, Cal., Cox & Cox, Phoenix, Ariz., for plaintiff-appellant.

David Freidenrich (argued), Palo Alto, Cal., William Elsing, Fennemore, Craig, von Ammon, & Udall, Phoenix, Ariz., Charles C. Graeber, Richard Mulligan, Lonergan, Jordan & Gresham, San Bernardino, Cal., Bryan R. McCarthy of Freitas, Allen, McCarthy, Bettini & McMahon, San Rafael, Cal., Collins & Woolway, Dan Stroud, Los Angeles, Cal., for defendants-appellees.

Dale Kent Frizzell, Asst. Atty. Gen., Dept. of Lands and Natural Resources, Glen R. Goodsell, Carl Strass, Edmund B. Clark, Dept. of Justice, Washington, D. C., for amicus curiae.

Before HAMLIN, BROWNING, and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This is an appeal from an order dismissing an amended complaint on the ground that the United States was an indispensable party to the litigation. The appellant, an Indian tribe acknowledged by the government pursuant to statute [25 U.S.C. § 476], brought suit to quiet title as against claims of the defendants to land in Arizona. The complaint did not allege who was in possession but asserted that defendants made some claims adverse to the title of the tribe.

The tribe asserts a superior right under Executive Order No. 1296, February 2, 1911, by which the United States withdrew from settlement certain land in (the territory of) Arizona and set it apart

> "as an addition to the present Fort Mojave Indian Reservation . . . ., for the use and occupation of the Fort Mojave and such other Indians as the Secretary of the Interior may see fit to settle thereon."

Defendants moved to dismiss the action on several grounds, including lack of subject matter jurisdiction and failure to join an indispensable party. The latter ground was the one relied upon by the district court in dismissing without prejudice. It was the view of the trial judge that the Executive Order did not transfer title and no trust patent had been issued to the land in question, leaving title in the government.[1]

I.

## THE INDISPENSABLE PARTY ISSUE

Without joining the United States, an Indian tribe may sue in its own right to protect its interest in restricted land. Choctaw & Chicasaw Nations v. Seitz, 193 F.2d 456 (10th Cir. 1951). It is of no consequence that no trust patent had been issued for the land

1. Defendants urge this court to uphold the order of dismissal on the grounds that the federal court in Arizona was without jurisdiction because the land in question was in California. Plaintiff replies that by virtue of the Interstate Compact Defining Boundary between the States of Arizona and California, approved by Congress August 11, 1966, 80 Stat. 340 the land is in Arizona. Obviously this is a factual question which should be resolved by the trial court in the first instance.

involved. *See* Skokomish Indian Tribe v. France, 269 F.2d 555 (9th Cir. 1959).

■■ As the United States will not be bound by any determination made in a suit to which it is not a party, United States v. Candelaria, 271 U.S. 432, 46 S. Ct. 561, 70 L.Ed. 1023 (1926),

"It does not appear that failure to join the United States would radically and injuriously affect its interest nor will a final determination be inconsistent with equity and good conscience." Salt River Pima-Maricopa Indian Community v. Arizona Sand and Rock Co., 353 F.Supp. 1098, 1101 (D.Ariz.1972).

Our *Skokomish* decision is controlling here, and the order of dismissal was improper.

## II.

### JURISDICTION OF THE DISTRICT COURT

The appellant Indian tribe's claim of federal jurisdiction is based on 28 U.S.C. § 1362.[2] Defendants argue that § 1362 retains the requirements for federal question jurisdiction that have been judicially

engrafted onto 28 U.S.C. § 1331, and that these have not been met here.

■■ It is doubtful that the requirements of § 1331 are met in the present case whether the plaintiff's suit be styled as an action in ejectment[3] or one to quiet title.[4] But we agree with the dissenting opinion of Judge Lumbard in Oneida Indian Nation of New York State v. County of Oneida, 464 F.2d 916, 924 (2d Cir. 1972) that Congress intended by § 1362 to authorize an Indian tribe to bring suit in federal court to protect its federally derived property rights in those situations where the United States declines to act. *Accord:* Salt River Pima-Maricopa Indian Community v. Arizona Sand and Rock Company, *supra.* As so interpreted the statute is clearly constitutional. Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824).

Scholder v. United States, 428 F.2d 1123, 1125 (9th Cir. 1970), and Quinault Band of Indians v. Gallagher, 368 F.2d 648, 656 (9th Cir. 1966), do not hold otherwise.

Reversed and remanded.

---

2. 28 U.S.C. § 1362 provides:
"The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States."

3. The action was designated an action to quiet title but there is no allegation the plaintiff is presently in possession of the lands in controversy. If plaintiff is out of possession it has an adequate remedy at law in ejectment and an action to quiet title will not lie. Whitehead v. Shattuck, 138 U.S. 146, 11 S.Ct. 276, 34 L.Ed. 873 (1891) ; Oneida Indian Nation of New York State v. County of Oneida, 464 F.2d 916 (2d Cir. 1972) ; *cf.* Roubedeaux v. Quaker Oil & Gas Co., 23 F.2d 277 (10th Cir. 1927). But if the plaintiff's proper remedy *is* an action in ejectment "a long and unbroken line of

Supreme Court decisions holds that the complaint 'in such an action presents no federal question [under 28 U.S.C. § 1331] even when a plaintiff's claim of right or title is founded on a federal statute, patent or treaty [cits omitted]." Oneida Indian Nation, *supra* at 920 of 464 F.2d.

4. While an action to quiet title will present a federal question under 28 U.S.C. § 1331 if the complaint alleges a substantial controversy between the parties regarding the interpretation or effect of federal law, Skokomish Indian Tribe v. France, 269 F.2d 555 (9th Cir. 1959), the present complaint includes no such allegation.
"[A] controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress." Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1912).