**Bernard GEFFEN, Appellant,**

v.

**Henry WINER and Louis Winer, Appellees.**

**No. 13561.**

United States Court of Appeals District of Columbia Circuit.

Argued April 15, 1957.

Decided May 2, 1957.

# 376

---

Mr. Bernard Margolius, Washington, D. C., with whom Messrs. Carleton U. Edwards, II, and Ralph H. Deckelbaum, Washington, D. C., were on the brief, for appellant.

Mr. Richard W. Galiher, Washington, D. C., with whom Messrs. William E. Stewart, Jr., and Julian H. Reis, Washington, D. C., were on the brief, for appellees.

Before EDGERTON, Chief Judge, and FAHY and BURGER, Circuit Judges.

FAHY, Circuit Judge.

█ In the District Court appellant was awarded a jury verdict against appellees for injuries growing out of the collision between a motorcycle he was riding and a truck which was owned by one of the appellees and operated by the other. Although the evidence was sufficient to support such an instruction the court denied appellant's request for an instruction that should the jury find in his favor they should take into consideration, in determining the amount of damages, the reasonable value of the time he had lost from his employment.

Within the principles laid down by this Court in Hudson v. Lazarus, 95 U.S.App.D.C. 16, 217 F.2d 344,[1] the denial of the requested instruction was error which requires reversal, notwithstanding appellant was paid the amount of his salary for the period he was unable to work.[2]

█ We have power in an appropriate case to remand only for redetermination of the amount of damages, excluding from the scope of a new trial the question of liability, see Washington Gas Light Co. v. Connolly, 94 U.S.App. D.C. 156, 214 F.2d 254, and cases there cited. But our power in this regard is to be exercised with caution and not when the error which necessitates a new trial is in respect of a matter which might well have affected the jury's determination of other issues. Cf. Thompson v. Camp, 6 Cir., 167 F.2d 733. Here it appears from the record as a whole that the interests of justice will be best served by a new trial on all issues. For this reason the judgment is

Reversed and the case remanded for a new trial.

---

1. See, also, Siebrand v. Gossnell, 9 Cir., 234 F.2d 81, 95; Shea v. Rettie, 287 Mass. 454, 192 N.E. 44, 95 A.L.R. 571; Motts v. Michigan Cab Co., 274 Mich. 437, 264 N.W. 855; Cooney v. Hughes, 310 Ill.App. 371, 34 N.E.2d 566.

2. Appellant as a member of the Metropolitan Police Department of the District of Columbia, which continued his salary something more than 20 weeks until he returned to duty.