Raymond J. FRANK, Plaintiff,

v.

ATLANTIC GREYHOUND CORP., Defendant.

Civ. A. No. 939-57.

United States District Court
District of Columbia.

March 20, 1959.

G. A. Chadwick, Jr., Washington, D. C., for plaintiff.

Laidler B. Mackall, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is a motion for a new trial, made by the defendant on the ground that the verdict awarded by the jury in the sum of $30,000 is excessive. The plaintiff was injured while a passenger in a bus operated by the defendant, the bus being in an accident. The defendant admitted liability, and the only issue tried and submitted to the jury was the amount of damages.

The principal injury sustained by the plaintiff, other than temporary injuries and the pain and suffering that accompanied them, was an injury to his right knee, resulting in a permanent loss of some locomotion in the knee. It did not, however, preclude the plaintiff from carrying on his usual occupation, which was that of supervising the installation and operation of heating and ventilating apparatus in a large building.

A great deal of weight must be attached to the verdict of a jury, and verdicts must not be lightly set aside. I, personally, have a great deal of confidence in the average jury. It is a mounting confidence, increasing with the number of jury cases that I try from day to day, and year to year. Nevertheless, no human being is infallible; a jury no more than a judge or anyone else. A judge's actions are subject to review by appellate tribunals. The decisions of juries are subject to review by trial judges. It would be intolerable if the decision of a judge or the verdict of a jury were in no instance or in no way subject to some review.

Insofar as the amount of the damages is concerned, a verdict should not be set aside as excessive unless the Court is of the opinion that it is beyond all reason, or, as is sometimes said, is so great as to shock the conscience. Obviously "shock the conscience" is but a picturesque figure of speech. The test is whether the verdict is so unreasonably high as to result in a miscarriage of justice, because one of the bases for granting a motion for a new trial is to prevent or cure what appears to the trial judge to be a miscarriage of justice.

Necessarily, damages for personal injuries cannot be computed mathematically or calculated on the basis of any formula. A large range of action must be accorded to the jury. Nevertheless, one of the matters that the Court must needs take into account in connection with other circumstances is the range of verdicts in other cases involving similar injuries, in the jurisdiction in which the trial is had. Otherwise all attempts at some modicum of equal justice would be at an end.

In this case, as in all other cases involving personal injuries, it is reasonable to start with the special damages sustained by the plaintiff, because they are a matter of mathematical computation. It is not denied or disputed that the hospital and medical bills, the cost of medical appliances, and incidental damages of a similar nature amounted to $2,380.46.

The plaintiff claims $2,152.46 by way of loss of wages. Of that amount, the sum of $1,000 is not disputed, because it represents the loss of wages sustained by the plaintiff for the period during which he was absent from his employment immediately following the accident. The balance of $1,152.46 represents a theoretical computation. It is the value calculated on an hourly basis in proportion to the plaintiff's annual salary for the hours and parts of days that the plaintiff was absent from his work following his return to his employment, the absences being for the purpose of going to the doctor for treatment, as well as for two weeks for a second operation.

Actually, the plaintiff did not lose any money. His wages were not deducted during those periods, but he claims that he had to make up the time so lost by working after hours, on Saturdays and Sundays, and also losing a vacation. While if this were a question of novel impression, I would have considerable doubt whether such a theoretical item

were recoverable, and, surely as a matter of substantial justice, it perhaps should not be recoverable, nevertheless under the cases of Hudson v. Lazarus, 95 U.S. App.D.C. 16, 217 F.2d 344, and Geffen v. Winer, 100 U.S.App.D.C. 286, 244 F.2d 375, the Court is inclined to the view that these items should be deemed allowable. Accordingly, the Court will assume that these are recoverable items. This brings the loss of wages to a sum total of $2,152.46. Adding the loss of wages to the medical and hospital bills, approximates a sum total of a little less than $4,500. I am going to assume, therefore, as a beginning of this computation, special damages in the sum of $4,500.

In order to determine to some degree of approximation the fairness and justness of the balance of the verdict, it seems to the Court that it is necessary to separate the pain and suffering immediately following the accident from the permanent injury and its effects. There is no doubt that the plaintiff suffered excruciating pain at intervals during the first few months following the accident. He was in the hospital for a month, and during that time an operation was performed on his knee. He wore a cast on his right leg for about six weeks, and then a leg brace for five or six weeks more, then crutches, and finally a cane. He had to undergo a series of eighty-eight physiotherapy treatments, which involved considerable pain. After that, these treatments were informally continued at his home.

Pain and suffering cannot be paid for in dollars and cents. Neither is it possible to test what is a fair compensation for pain and suffering by asking how much would one be willing to accept in advance to undergo a certain amount of pain. That is not a fair measure of compensation, because anyone would make a very exhorbitant charge under those circumstances.

The Court also has in mind that when it reduces a verdict of this kind, it should not reduce it to the amount that the Court itself would have awarded, but only to the maximum reasonable amount which could have been awarded by the jury and which would not have been reduced by the Court. In other words, I am going to reduce this verdict, but I am not going to reduce it to the amount which I myself would have awarded as a trier of the facts; but to a somewhat larger amount.

It is my observation that in cases in which there is no permanent injury, juries in this jurisdiction do not make liberal awards for pain and suffering. I think, in this case, for pain and suffering alone, three thousand dollars would be an exceedingly liberal award, and possibly larger than the average jury would have made, judging from my past experience in this District.

When it comes to the permanent injuries, there is no dispute that as a result of this accident, the plaintiff cannot bend his right knee all the way. In other words, there is some limitation of motion in that respect. This injury, however, has not prevented the plaintiff from carrying on his occupation. At about the time of the accident, he changed his employment, and this change involved a raise in his salary. He has continued in that employment and is in it at this time, apparently to the satisfaction of his employers, and evidently is likely to continue in his endeavor. From this standpoint, he has sustained no financial loss.

The evidence does show that he had to forego the possibility of getting a still better position, involving $780 a year more salary, because he was told that, with the injury to his knee, he would not be able to pass the physical examination. Whether these negotiations would have eventuated in employment, and how long that employment might have lasted when we consider all the possibilities that might arise, is, of course, in the realm of speculation.

The Court feels that so far as the permanent injury to the knee is concerned, the sum of $7,500 would be the maximum reasonable amount, considering all the circumstances, and considering other similar verdicts for similar injuries in this jurisdiction. Were the Court the

trier of the facts, it would make a smaller allowance than that. But if the jury had made an allowance of $7,500 for the permanent injury, the Court would not have been inclined to disturb it.

Adding the various figures together that I have indicated would bring the sum total to $15,000 which the Court deems to be the maximum possible reasonable verdict in this case, and the maximum amount that the Court would not have been inclined to reduce.

In view of these circumstances, the Court will grant the motion for a new trial unless, within ten days, the plaintiff will file a stipulation, agreeing to a reduction of the verdict to $15,000.

That amount is, of course, subject to the further reduction under the law of West Virginia, which views any amount paid on account of Workmen's Compensation as partial satisfaction of any judgment for damages. This law of West Virginia is obviously different from the law of the District of Columbia and from the law of many other States. The West Virginia law is set forth in the case of Brewer v. Appalachian Constructors, Inc., 135 W.Va. 739, 747, 65 S.E.2d 87.