**Nell WILLIAMS, Plaintiff-Appellant,**

v.

**John R. SLADE, John S. Slade, et al.,
Defendants-Appellees.**

No. 27651.

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 1970.

---

Lawrence J. Smith, New Orleans, La., for appellant.

George E. Morse, Rae Bryant, Thomas L. Stennis, II, White & Morse, Gulfport, Miss., for appellees.

Before GEWIN, GOLDBERG and SIMPSON, Circuit Judges.

GOLDBERG, Circuit Judge:

This automobile accident case makes very meaningful the policy of being chary of directing a verdict for a defendant at the close of plaintiff's case in negligence actions. Such direction is particularly dangerous where, as here, there are two defendants, only one of whom is exonerated by the directed verdict, and the possibility exists that both contributed to the accident. The injuries involved in this case arose when Nell Williams, a visitor from Louisiana, went for a drive with her hostess, Willie Mae Treadwell, a resident of Mississippi. Belying her name, Mrs. Treadwell drove into the path of a car driven by John S. Slade, and Nell Williams was severely injured as a result. The accident occurred at an intersection controlled by a traffic light in Gulfport, Mississippi.

Mrs. Williams sued both Treadwell and Slade, alleging among other things that both defendants failed to keep a proper lookout, that both were traveling at an excessive rate of speed under the circumstances, and that one or the other of the defendants disregarded the traffic signal which controlled the intersection where the accident occurred.

At trial the presentation of evidence was such that at the end of plaintiff's case in chief only the plaintiff and Mrs. Treadwell had testified concerning the events leading up to the accident. As it happened, both testified that at the time the accident occurred the light was green in favor of the Treadwell automobile. At the conclusion of this evidence defendant Treadwell moved for a directed verdict on the ground that all evidence pointed to the fact that she had had a green light at the time of the accident. The district court granted the motion, saying:

"The testimony shows that this automobile in which the Plaintiff was driving entered this intersection at a rate of speed of thirty five miles per hour with a green light facing her. Well, at thirty five miles an hour, the Court takes judicial notice that that automobile was travelling fifty one point one feet per second, and she had a green light and I don't think she had to watch out for traffic going north. I don't believe that both of them could have had a green light and the Plaintiff's testimony at this point shows that Willie Mae had a green light and I think she had a right to proceed through there, through that intersection without interference from northbound I see no vestage [sic] of any evidence here to to [sic] submit to a Jury on the question of her negligence. * * *"

Plaintiff has appealed, claiming that the directed verdict as to defendant Treadwell was erroneous. We agree.

The standard of this circuit for granting directed verdicts was announced in Boeing Company v. Shipman, 5 Cir. 1969, 411 F.2d 365, where this court said:

"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all

reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury." 411 F.2d at 374.

Accord, Falcon v. Auto Buses Internacionales, 5 Cir. 1969, 418 F.2d 673; Hanover Insurance Company v. Berry, 5 Cir. 1969, 416 F.2d 279.

▉ Evaluating the evidence at the time the directed verdict was granted in the present case, we find that under the *Boeing* standard the preemptory order was improper. Under the substantive law of Mississippi a motorist at a controlled intersection is charged with the responsibility of keeping a proper lookout for cars approaching the intersection from other directions even if he has the right of way. The Supreme Court of Mississippi has unmistakably announced the rule in that state regarding the duty of a motorist at a controlled intersection. In Jobron v. Whatley, 1964, 250 Miss. 792, 168 So.2d 279, that court said:

" * * * Insofar as the appellees' having the right of way, or the right to assume that the driver of the other car would stop his car before entering the intersection, is concerned, this Court has repeatedly stated what the rule is, namely: That the motorist's right to assume that the driver of a vehicle proceeding toward an intersection will obey the law of the road, which requires him to stop before entering the intersection, exists only until he knows or in the exercise of ordinary care should know otherwise. * * * " 168 So.2d at 284.

It therefore appears that the trial court was in error as a matter of law when it declared in granting the directed verdict that Mrs. Treadwell had no obligation to watch out for the traffic going north, the direction in which defendant Slade was driving.

Moreover, there was evidence in the record which would have allowed the jury to conclude, had it been given the chance, that Mrs. Treadwell failed to keep the required lookout. Upon examination Mrs. Treadwell herself testified as follows:

"Q. And you never did see this vehicle, Slade vehicle?

A. I glanced it when she yelled, I looked and saw it and turned my wheel like that.

Q. But until she yelled, you had not seen it?

A. *No, because I was watching the light."* (Emphasis added.)

Other evidence in the record indicated that no obstruction existed which would have prevented Mrs. Treadwell from seeing the Slade vehicle had she looked in the direction of those vehicles approaching from the north. This testimony was sufficient to raise a jury question as to whether or not Mrs. Treadwell breached her duty to keep a proper lookout as she approached the intersection. It was up to the jury to decide whether Mrs. Treadwell saw or in the exercise of due care should have seen the Slade vehicle in time to avoid the collision. Kiner v. Northcutt, 10 Cir. 1970, 424 F.2d 222; Gates v. Green, Miss. 1968, 214 So.2d 828; Tippit v. Hunter, Miss. 1967, 205 So.2d 267; Jobron v. Whatley, supra; Hawkins v. Hillman, Miss. 1963, 245 Miss. 385, 149 So.2d 17. As the Mississippi Supreme Court said in Tippit v. Hunter, *supra:*

" * * * The driver of an automobile is chargeable with knowledge of all conditions which would be obtainable by the reasonable exercise of his faculties. It is his duty to see that which is in plain view or open and apparent and to take notice of obvious dangers.

He must be regarded as having seen what he would have necessarily seen had he been looking, *and if an automobile driver fails to reasonably observe that which was apparent and within clear view, the jury can reasonably determine from the circumstances that he was not keeping a proper lookout.*" 205 So.2d at 271 (citations omitted—emphasis added).

Under the circumstances, therefore, the trial court committed reversible error in directing a verdict for Mrs. Treadwell. There was evidence from which reasonable and fair minded men could have concluded that Mrs. Treadwell failed to keep a proper lookout and that her failure to do so contributed to the accident. The question therefore should have been submitted to the jury. Boeing Company v. Shipman, *supra*. We conclude that the judgment of the trial court exonerating defendant Treadwell must be reversed and a new trial granted so that plaintiff may obtain a proper jury determination concerning Mrs. Treadwell's responsibility for the accident.

■ Having determined that this case must be retried as to defendant Treadwell, our final problem concerns the proper treatment of defendant Slade at the retrial. After the court granted defendant Treadwell's motion for a directed verdict at the end of plaintiff's case in chief, the trial proceeded as to defendant Slade, who testified by way of deposition. It became apparent during Slade's testimony that his main defense was that the traffic light was green in *his* favor at the time the accident occurred. The jury apparently believed Slade's version of the facts and rendered a verdict in his favor. The question before us is whether or not Slade, who has once been exonerated of any responsibility for the collision by a jury, must again run the gauntlet of jury determination because of the trial court's error in directing a verdict for defendant Treadwell. We think that he must.

■ It is perfectly clear that this court has the power, under certain circumstances, to order a partial new trial as to one defendant and not as to the other. Rule 59(a), Fed.R.Civ.P. It is also clear, however, that partial new trials should not be resorted to unless no injustice would result. Gasoline Products Company v. Champlin Refining Company, 1931, 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188; Washington Gaslight Co. v. Lansden, 1899, 172 U.S. 534, 19 S.Ct. 296, 43 L.Ed. 543; Korbut v. Keystone Shipping Company, 5 Cir. 1967, 380 F.2d 352; American Motorists Ins. Company v. Napoli, 5 Cir. 1948, 166 F.2d 24; Hiltz v. Atlantic Refining Company, 3 Cir. 1945, 151 F.2d 159; Albright v. McTighe, W.D.Tenn. 1892, 49 F. 817. The rule as stated by the Supreme Court is:

"Where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice. * * *" Gasoline Products Co. v. Champlin Refining Co., *supra*, 283 U.S. at 500, 51 S.Ct. at 505 (citations omitted).

In other words, a court may properly award a partial new trial only when the issue affected by the error could have in no way influenced the verdict on those issues which will not be included in the new trial. If the decision on the other issues could in any way have been infected by the error then a new trial must be had on all issues. For example, partial new trials as to damages alone have been rejected when it appeared that the error on the damage issue affected the determination of liability. Hatfield v. Seaboard Airline Railroad Company, 5 Cir. 1968, 396 F.2d 721; Geffen v. Winer, 1957, 100 U.S.App.D.C. 286, 244 F.2d 375; Schuerholz v. Roach, 4 Cir. 1932, 52 F.2d 32, cert. denied, Sheurholz v. Roach, 287 U.S. 623, 53 S.Ct. 78, 77 L.Ed. 541. In Geffen v. Winer, *supra*, the court explained:

"We have power in an appropriate case to remand only for redetermination of the amount of damages, ex-

cluding from the scope of a new trial the question of liability, see Washington Gas Light Co. v. Connolly, 94 U.S. App.D.C. 156, 214 F.2d 254, and cases there cited. But our power in this regard is to be exercised with caution and not when the error which necessitates a new trial is in respect of a matter which might well have affected the jury's determination of other issues. Cf. Thompson v. Camp, 6 Cir., 167 F.2d 733. Here it appears from the record as a whole that the interests of justice will be best served by a new trial on all issues. * * * " 244 F.2d at 376.

Likewise, when it appeared that the damage issue had been resolved in a purely academic atmosphere because the liability issue had already been decided adversely to the plaintiff, courts have refused to grant a partial new trial as to liability alone when error was committed regarding that issue. Romer v. Baldwin, 3 Cir. 1963, 317 F.2d 919; O'Neill v. United States, 3 Cir. 1969, 411 F.2d 139.

The common thread which runs through these decisions is that in each case the court thought as a result of a totality of the circumstances that the issue sought to be excluded by a partial new trial had not been properly determined initially even though the obvious error complained of related to the other issue or issues. A noted commentator has summed up the problem thusly:

"Moreover, if a new trial is granted because of the inadequacy of the verdict and it appears that the verdict was the product of an illegal compromise or other misconduct on the part of the jury, the court must grant a new trial on all the issues and may not limit retrial to damages as the issue of liability was never properly determined. Conversely, where the damages are excessive and the verdict is the product of passion or prejudice a new trial as to all the issues must be ordered." 6A J. Moore, Federal Practice § 59.06 at 3767 (footnotes omitted).

No case has been brought to our attention which presented the question of a partial new trial in precisely the form involved here. However, we find the cases dealing with damages and liability completely analogous. Here the subtle subjectiveness of jury determination leaves this court in doubt as to the propriety of the jury's determination that defendant Slade was not negligent. We cannot ignore the inter-relatedness of the automobile tactics of both Slade and Treadwell. There is no suggestion of unavoidable accident or of contributory negligence. As a result, we would need blinders not to see that the plaintiff was injured by the negligence of either Slade or Treadwell or both in tandem. The jury no doubt also perceived this fact. The problem is that we cannot be sure what effect it had upon the jury's determination as to Slade's negligence when the jury was deprived of the opportunity to adjudge the responsibility of both Treadwell and Slade together and was left with only an all or nothing choice as to defendant Slade. Consequently, we are not sure under the circumstances of this case that Slade's liability for the accident was properly determined at the first trial. Slade must therefore stand trial again so that this issue may be properly determined. The jury should have been given the opportunity to view the accident comprehensively, taking into its vista the acts and omissions of both Treadwell and Slade. We see no need to repeat the error by giving the jury on retrial the all or nothing choice as to defendant Treadwell alone. Such procedure would be unjust to Treadwell, who may or may not be solely responsible for the entire accident. On remand, therefore, the jury must be given a binocular rather than a monocular view of the accident, with the hope that in this manner it may properly apportion the responsibility between the two parties to the accident, Treadwell and Slade.

In conclusion, we cannot help but note appellant's allegations of various trial court horrors and aberrations which, if true, are unquestionably deplorable. We

are spared the obligation of exhuming and examining these alleged aberrations since we are certain that they will not reoccur at the new trial.

The judgment of the court below is reversed and the case remanded for a new trial consistent with this opinion.

Reversed and remanded.