**DAVIDSON OIL COUNTRY SUPPLY CO., INC., Plaintiff–Appellant,**

v.

**KLOCKNER, INC., Defendant–Appellee.**

No. 89–2221.

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1990.

Eugene B. Wilshire, Jr., Jacalyn D. Scott, and Patrick J. Dyer, Wilshire, Scott, Halbach & Dyer, Houston, Tex., for plaintiff-appellant.

Rick L. Oldenettle, Gilpin, Maynard, Parsons, Pohl & Bennett, Houston, Tex., Kenneth L. Everett, and Paul J. O'Neill, Jr., New York City, for defendant-appellee.

ON PETITION FOR REHEARING

(Opinion August 15, 1990, 5th Cir., 1990, 908 F.2d 1238)

Before BROWN, WILLIAMS and JONES, Circuit Judges.

PER CURIAM:

In our opinion, dated August 15, 1990, 908 F.2d 1238 we reversed the judgment of the trial court in part and remanded for a new trial, all issues and claims of Appellant, Davidson Oil Country Supply, Inc., ("DOCS"), related to question of product defect and liability for Appellee, Klockner, Inc.'s ("Klockner") breach of warranty. We also reversed the summary judgment granted to Klockner regarding the unpaid purchase price of the 8⅝" material (referred to as "Ferrotubi") and remanded those issues for trial. We affirmed the trial court's holding that DOCS take nothing by virtue of its usury claims against Klockner.

Klockner's petition requests the Court to affirm the interlocutory summary judgment. We deny Klockner's petition for rehearing. The summary judgment should not have been granted. So there can be no confusion as to our ruling, the interlocutory summary judgment is reversed and remanded in its entirety for a retrial of the issues of liability and damages pertaining to all of the 8⅝" material.

■ The attack on the reversal of summary judgment is that the Court overlooked § 2–717 comment of the U.C.C. which states:

> To bring this provision into application, the breach involved must be of the same contract under which the price in question is claimed to be earned.

We reject, as unfounded, the contention of any distinction between a "claim" and "damages"; the evidence to be offered as reflected in DOCS' response showed, at the least, substantial controversy as to the knowledge by Klockner of the deficiencies of the product and its unmerchantability and the downgrading of the materials which under § 2–717, entitled the buyer to exercise the right of non-payment, *see* § 2.607 and comments 1 Tex.Bus. and Com. Code, § 2.714 and § 2.607, comments 4 and 6.

All these were issues triable to the jury. Summary judgment was wrong. Reversal was correct.

Klockner's Petition for Rehearing is DENIED.

■ DOCS has requested a rehearing regarding the disposition of its usury claims. In our original opinion, we held that, pursuant to jury findings, New York law governed the usury claims and precluded usury as a defense.

DOCS points out that early in the trial of the case, the district court, after extensive briefing by both sides, held that Texas law applied to the transactions. The court never changed this ruling and the trial proceeded accordingly.

Klockner in response asserts ample evidence was elicited by both parties regarding the terms of the contract in issue. Extensive testimony was introduced by both sides establishing the normal manner in which contracts were formed between the parties as well as the timing and sequence of the purchase order and confirming contract documents.

Consequently, the contract being governed by New York law, DOCS is not entitled to raise the defense of usury. N.Y. General Obligations Law § 5–521 (McKinney 1989).

Notwithstanding the arguments advanced by Klockner, in the exercise of our wide but essential discretion we conclude that the usury claims should be remanded in the interest of justice because the conduct of the trial created an atmosphere of severe prejudice against DOCS and its witnesses. Our original opinion reflects the exclusion of a substantial volume of relevant evidence which created an atmosphere of disbelief for the claims and defenses of DOCS. This atmosphere of disbelief permeated the entire trial and tainted the jury findings regarding choice-of-law and usury.

The voluminous record reflects that the really critical issue for jury decision turned on the credibility of DOCS and Klockner and their respective witnesses. Not only was it raised as a continuous critical factor by the evidence, but also by the attacks made on it by the respective adversaries. The subject of credibility was almost the sole issue discussed by either of the parties in the jury argument which we have read with interest.

As the jury was able to see this case it was the simple one of not more than two down-hole failures of the tubing. And even as to these there was substantial doubt on connecting the failure with Ferrotubi through sales made by Klockner to DOCS. The jury was then entitled to view this as a case in which DOCS' claim of product defect was an excuse not to pay nearly a million dollars for goods received. This would be fulfilled in the jury's mind by the finding that while API was warranted, the jury found there was no breach of that warranty and consequently DOCS sustained no damages either for the two specific failures or in the down-grading of the entire Klockner supplied inventory.

This painted the picture of a firm using defect of the product as a means to avoid payment of a large commercial debt. Worse, the exclusion of the evidence deprived DOCS of the opportunity of showing the jury that Klockner's conduct was unfair in its duty toward them and indeed, indifferent to DOCS' claims even despite spectacular admissions by Klockner (*see* our opinion, 908 F.2d 1238, 1244 n. 16 and accompanying text).

Against the two isolated failures, the evidence proffered and excluded reflected approximately 13 failures of Ferrotubi tubing (*see Id.* at 1243–1247). As we pointed out, page 1244, the exclusion of this evidence "... contributed to the discrediting of DOCS' witnesses who were limited to tell-

ing of only two failures in Klockner–Supplied Ferrotubi materials."

Worse, but in the opposite direction, "... much of [the excluded evidence was] relevant to establishing Klockner's knowledge of the defect and its asserted bad faith in dealing with DOCS' claims." (*Id.* at 1246)

Besides the claim of defect, there was also severe controversy over whether the contract was the oral agreements contended by DOCS or the Klockner sales contract, as contended by Klockner. As we pointed out in note 30, at page 1248 the jury's answers to interrogatories 21 to 25 and 27 to 31—on which the New York law had to be based—were all found in favor of Klockner (just as was the case in 30 out of 31 issues (*Id.* at 1240 n. 4). Resolution of this controversy brought into play the problem that the sales contract specified that it would be governed by the laws of New York (which in turn, affected the usury claim).

On further reflection we are convinced that we erred in summarily, without further articulation, (i) affirming the trial court's holding that DOCS take nothing by its usury claim, and (ii) not requiring a full new trial on this issue along with all other issues on remand. Although a court must consider the totality of the circumstances in determining realistically whether all issues need to be retried, see *Williams v. Slade*, 431 F.2d 605, 609 (5th Cir.1970); *Jamison Company, Inc. v. Westvaco Corp.*, 526 F.2d 922 at 935 (5th Cir.1976); *Lucas v. American Manufacturing Co.*, 630 F.2d 291, 294 (5th Cir.1980) and see *Wright & Miller*,[1] *Federal Practice and Procedure*, § 2814. Without regard to whether technically the issues somehow resolved by the jury's answers to interrogatories (issues 21–25 and 27–31)—were separate and distinct, *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931), counsels against restrictive remand where there is doubt whether there might be confusion or injustice from a restrictive new trial.

This Court, within its appellate competence, *Atkinson v. Dixie Greyhound Lines, Inc.*, 143 F.2d 477 (5th Cir.1944), determines that the exclusion of all of this evidence created an atmosphere so unreal and so prejudicial that it requires, in our very essential broad discretion, that all issues, including those pertaining to the usury claim, be remanded for a full retrial.

Klockner's Petition for Rehearing is DENIED.

DOCS Petition for Rehearing is GRANTED.

---

1. *See* § 2814 the pocket part recanting the misplacement of the word "only". In effect, retrial on a specific issue or issues should not be ordered if the court reasonably has doubts whether the error on other matters may have affected the determination of the jury's verdict to the specific issue.