O’MALLEY, Circuit Judge,
concurring in part and dissenting in part.
I agree in large measure with the majority’s thoughtful opinion in this case. First, I agree that the induced infringement judgment and award must be vacated. Like Judge Prost, I believe this is so both because the trial court instructed the jury to apply an incorrect legal standard during its deliberations and because the court erred in excluding evidence regarding Cisco’s alleged good faith belief in the invalidity of the asserted claims of the '395 patent. On the latter point, I agree that an accused inducer’s good faith belief of invalidity of a patent claim is relevant to its intent to induce infringement of that claim and is, thus, admissible for that purpose.
I also agree that Cisco’s objections to the trial court’s construction of the claim term “short range communication protocol” are not well taken. Contrary to Cisco’s contentions, the '395. patent’s written description does not limit the short-range communication protocol to Bluetooth and related protocols. Instead, the patent consistently refers to such protocols as exemplary. See, e.g., 395 patent at col. 18, 11. 23-24 (“Bluetooth wireless technology is an example df such a short-range communication protocol.”); col. 8, 11. 41-46. We have expressly stated that we do not limit the scope of the claims to the preferred embodiment described in the written description. See Phillips v. AWH Corp., 415 F.3d 1303, 1323 (Fed.Cir.2005) (“[W]e have expressly rejected the contention that if a patent describes a single embodiment, the claims of the patent must be construed as being limited to that embodiment.”).
Finally, I agree that the trial judge acted within his .discretion in granting a new trial following the first trial involving these parties and these patent claims. Cisco does not deny that its local counsel’s conduct was reprehensible, nor does it debate whethér some curative action was appropriate. Cisco simply asks that we substitute our judgment for that of the trial court with respect to whether that curative action should 'have been a new trial. I agree with the majority that it is appropriate to defer to the trial court’s first-hand assessment of whether counsel’s conduct was sufficiently improper as to call into question the integrity of the jury’s verdict. Accordingly, while it may be true that a different jurist might have refused to set aside the jury’s verdict in these circumstances, the decision to do so here should not be reversed.[1]
Having 'set out those places where I agree with the majority’s resolution of this *1376 appeal, I turn to the two decisions over which I must part company with my colleagues. First, I cannot endorse the majority’s refusal to address Cisco’s potentially dispositive arguments regarding whether Commil did or ever could prove the third-party direct infringement which is a necessary predicate to Commil’s induced infringement claim. Next, I disagree with the majority’s conclusion that the trial court’s decision to order only a partial retrial of the issues presented is defensible; I believe the partial retrial order deprived Cisco of its right to a jury trial as guaranteed by the Seventh Amendment to the United States Constitution and must be reversed. I believe, therefore, that we should not address the strength of Cisco’s validity arguments based on the record from the first trial and should leave those questions to the third jury to visit this matter.
I address these disagreements in turn.
I
Cisco argues that the trial court erred in denying its request for judgment as a matter of law on Commil’s induced infringement claim because Commil failed to prove — and allegedly cannot prove — that any third-party practices all of the steps of the method claimed in claim 1 of the '395 patent. Specifically, Cisco asserts that its customers do not perform (1) the step of “dividing” the communications protocol into two smaller protocols or, (2) the step of “running an instance” of the low-level protocol at the base station and “running an instance” of the high-level protocol at the switch. Cisco asserts that only it— and not its customers — -practices the “dividing” step because the WiFi protocol is divided into high- and low-level protocols at the factory when the products are created. Because of this, Cisco asserts that its customers cannot perform this step and, thus, do not directly infringe claim 1. With respect to the “running an instance step,” Cisco asserts that, in its WiFi system, the access points run only a single copy of the protocol that communicates with all of the connected devices, and do not run separate copies of the low-level protocols with respect to each mobile unit or device to which the access point is connected. If one or both of these steps of the claimed method are not, in fact, practiced by its customers, Cisco is correct that Commil’s claims of induced infringement — predicated as they are on claims of single party direct infringement — must fail.[2]
On appeal, Cisco asks that we reverse the trial court’s denial of its motion for judgment as a matter of law on these grounds and enter judgment in its favor. It contends that we need not reach the propriety of the trial court’s inducement instructions or evidentiary rulings, or the need for a new trial based on errors therein, because Commil failed to prove the direct infringement predicate for its induced infringement claim. Cisco contends that these questions are dispositive of the induced infringement claims and that the need for a new trial could be obviated by their resolution.
Whatever the merits of Cisco’s argument regarding the direct infringement as *1377 pect of Commil’s induced infringement claim, Cisco is correct that it is within the scope of our authority on this, record to resolve them now. Indeed, I believe it is our obligation to do so. If we send this matter back for a new trial on induced infringement without resolving these issues, we likely will see the case return in much the same posture. If a new panel ultimately concludes Cisco is correct as to either one of the required steps of claim 1 — and that no finding of induced infringement can stand on that ground — we will have forced the parties and the trial court to go through a new trial when none was necessary.
I do not purport to prejudge Cisco’s arguments; Cisco may be wrong on both points.[3] I urge us, however, to-judge them one way or another. We do no one any favors by kicking these potentially disposi-tive cans down the road and may well be requiring, undue expense and wasting scarce judicial resources in the process. I believe our appellate function requires that we avoid such inefficiency whenever possible. For these reasons, I dissent from the majority’s refusal to resolve these properly preserved issues on appeal.
II
I turn next to the majority’s conclusion that the partial new trial order entered by the district corut in this case — one which we now effectively reinstate — did not violate the Seventh Amendment. I do not agree. Accepting the proposition, ás I have, that the district court acted within its discretion to find a new trial warranted in this case, . I believe that nothing other than a full retrial on all issues can be justified under the law.[4]
While partial retrials are permissible in appropriate circumstances, the Supreme Court has set forth a strict standard for determining when such circumstances exist. In Gasoline Prods. Co. v. Champlin Refining Co., 283 U.S. 494, 500, 51 S.Ct. 513, 75 L.Ed. 1188 (1931), the Supreme Court explained that a court’s authority to order a new trial is constrained by the Seventh Amendment such that “a partial new trial ... may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.” Applying that standard to the case before it, the Supreme Court concluded that a partial retrial on damages alone would violate the Seventh Amendment because the facts and issues relating to the merits of the contract action were not sufficiently separable from those relating to damages. Gasoline Prods., 283 U.S. at 500, 51 S.Ct. 513; see also Witco Chemical Corp. v. Peachtree Doors, Inc., 787 F.2d-1545, 1549 (Fed.Cir.1986) (quoting standard from Gasoline Products and finding that “it is inappropriate ... to have one jury return a verdict on the validity, enforceability, and contract questions while leaving the infringement questions to a second jury.”).
*1378 The Fifth Circuit — the regional circuit from which this case arises and whose law we are to apply to this non-patent basic right — repeatedly has cautioned against resort to partial retrials, citing to the guidance from Gasoline Products. See, e.g., Nissho-Iwai Co. v. Occidental Crude Sales, Inc., 729 F.2d 1530, 1539 (5th Cir.1984) (approving refusal to order partial retrial of fraud claim alone because “the fraud claim arose out of the acts surrounding the breach of contract [claim]” and understanding of one required understanding of the other); Davis v. Safeway Stores, 532 F.2d 489, 491 n. 3 (5th Cir.1976) (noting that granting of a partial new trial over particular issues requires those issues to be clearly separable from other issues in the case); Vidrine v. Kansas City S. Ry. Co., 466 F.2d 1217, 1221 (5th Cir.1972) (observing that a partial retrial is only appropriate where issues are “so distinct and separable” that there will be “no injustice or prejudice” to either party); Williams v. Slade, 431 F.2d 605, 609-10 (5th Cir.1970) (noting that if a verdict is a “product of passion or prejudice” a new trial on all issues must be ordered).
The requirement that issues in multiple trials be separable and distinct protects parties’ rights under the Seventh Amendment by guarding against circumstances which threaten those rights. See, e.g., Pryer v. C.O. 3 Slavic, 251 F.3d 448, 454-58 (3d Cir.2001) (collecting cases disapproving of partial retrials and outlining factors counseling against such partial retrials). One such circumstance is where the issues relating to the separated claims overlap, causing the potential for “confusion” or “uncertainty” when one issue is submitted to the jury without the other. Id.; See also, Nissho-Iwai Co., 729 F.2d at 1539 (where claims arise from same transactional facts, jury cannot understand one fully without understanding the other and having both presented jointly); FIGA v. R.V.M.P. Corp., 874 F.2d 1528, 1534 (11th Cir.1989) (partial retrial just on damages is not appropriate where damages evidence was not fully separable from evidence of insured’s alleged intent to cause fire); United States ex rel. Miller v. Bill Harbert Int’l Constr., Inc., 865 F.Supp.2d 1, 10 (D.D.C.2011) (partial retrial inappropriate because jury needs thorough knowledge of underlying conspiracy in order to understand and assess whether particular defendants joined that conspiracy).
Partial retrials must also be avoided where it is possible that the very error that is deemed to warrant a new trial may have impacted the jury’s determination of other issues. Pryer, 251 F.3d at 455 (3d Cir.2001) (partial retrial is inappropriate whenever it is not clear that the error that crept into one element of the verdict “did not in any way affect the determination of any other”) (additional citations omitted). This is especially so where a retrial is prompted by a finding that comments of counsel may have unduly “inflamed” the jury because such a finding “implies that the jury made its decision on an improper basis.” United States ex rel. Miller, 865 F.Supp.2d at 10 (D.D.C.2011) (finding partial retrial inappropriate where new trial was based on prosecutor’s improper comments on one issue because that error “might well have affected the jury’s determination of other issues”). And, partial retrials should be avoided whenever circumstances indicate “there is reason to think that the verdict may represent a compromise among jurors with different views on whether defendant was liable.” Pryer, 251 F.3d at 455 (additional citations omitted); See also Stanton v. Astra Pharm. Products, Inc., 718 F.2d 553, 576 (3d Cir.1983) (citing Vizzini v. Ford Motor *1379 Co., 569 F.2d 754, 759-60 (3d Cir.1977)) (finding that suggestion of possible compromise verdict was such that permitting retrial of damages alone, absent reconsideration of liability issues was inappropriate, noting “[i]s difficult to say that ‘allowing a second jury to determine the issue of damages in isolation from the whole of the circumstances surrounding the case was not an injustice ... ’ ”). All of these circumstances are presented here.
As the majority explained, the trial court ordered a retrial based on statements by Cisco’s local counsel which the trial court believed were so insidious as to call into question the integrity of the jury’s verdict. See Commil USA, LLC v. Cisco Sys., Inc., No. 2:07-ev-341 slip. op. at 3-4 (E.D. Tex. Dec. 29, 2010). If the trial court believed the verdict truly was compromised, how could he — and how can we — assume the misconduct infected only a portion of their deliberations? Indeed, it could be that the jury was so incensed by its counsel’s conduct that they held it against Cisco by refusing to invalidate Commil’s patent^ despite a contrary view of the evidence.
Once the partial retrial began, moreover, the trial court’s evidentiary rulings themselves reflect the awkward posture in which he had placed the case. Most pointedly, as the majority discusses, the trial court excluded — incorrectly—evidence of Cisco’s alleged good faith belief in the invalidity of the claims of the '395 patent. What the majority fails to mention, however, is that Commil itself expressly argued that it would unduly confuse the jury to admit such evidence without also submitting the validity determination to it to decide. See Commil USA, LLC v. Cisco Sys., Inc., No. 2:07-cv-341, Doc. No. 398 at 4-5 (April 1, 2011). And, it was in response to this argument that the evidence was excluded. Where the court closest to these matters saw the potential for confusion because of the interwoven nature of the invalidity claims and Cisco’s good faith defense to induced infringement, how can we ignore that potential when we now order the excluded evidence to be admitted? I do not believe we can. I do not believe we can differentiate the circumstances here from the overlapping nature of the issues in Gasoline Products and the host of cases cited above finding a partial retrial improper based on the principles described therein.
The practical implications of the judg-ihent we render today highlight the Seventh Amendment problems we create thereby. Judge Prost and I agree not only that it was error to exclude proffered evidence of Cisco’s good faith belief in the invalidity of the claims of the '395 patent, but that the error was not harmless. In other words, we find that Cisco was . denied the right to a fair trial on Commil’s induced infringement claim because it was denied the opportunity to pursue a valid defense. In the same breath, however, Judges Prost and Newman conclude it is appropriate to retry the case in a posture that would dilute that defense.
When this case returns to Texas for a third trial, the trial court will need to craft instructions that tell the jury that, while Cisco claims it had a good faith belief in the invalidity .of the claims of the '395 patent, Cisco was wrong. The jury will need to be told that it is not permitted to conclude it agrees with Cisco’s belief. The jury will, thus, begin its deliberations already suspect about Cisco’s beliefs and the good faith nature of the same. It is precisely these circumstances against which the Supreme Court insists we guard. Importantly, given the significance of the *1380 Seventh Amendment guarantees it is our job to protect, we are not to ask whether it is conceivable that a jury could fairly assess Cisco’s case in these circumstances; we are to assume that, where it is not clear that “the issue to be retried is so distinct and separable from the others,” it cannot. See, e.g., Gasoline Prods. Co., 283 U.S. at 500, 51 S.Ct. 513; Witco Chemical Corp., 787 F.2d at 1549
Finally, I do not believe we can discount the possibility that the first verdict may have represented a series of compromises by the jury. How can we know that the jury did not agree not to invalidate the claims of the '395 patent only because it found no induced infringement and understood that its direct infringement finding carried with it a smaller damages award? We cannot.
I do not contend that issues in patent cases can never be tried to separate juries, particularly after an appeal reveals that only one' issue was adjudicated erroneously. Whether and when a new trial on all issues is required must be determined “only after considering the totality of the circumstances and by answering: ‘How may the ends of justice be served?’ ” Witco Chemical Corp., 787 F.2d at 1549 (citations omitted). Here, all circumstances indicate that a partial retrial of Commil’s induced infringement claim without retrial of the validity issues is not appropriate.[5]
While Cisco’s counsel’s conduct was reprehensible and warranted curative action, action which compromises Cisco’s Seventh Amendment right to a jury goes too far. I believe the trial court abused its discretion by only ordering a partial retrial of the claims asserted in this case and that we perpetuate that error by ordering yet another partial retrial.

. Where, as here, counsel for both parties ‘ made improper comments during the trial, the trial court’s curative instructions were— as the majority describes it — quite "potent,” and Commil did not ask for a new trial until invited to do so by the trial court, it also would have been well within the bounds of the trial court’s discretion to not order a retrial. On this record, either conclusion would be defensible.

. Cisco correctly points out that Commil never asserted a divided infringement, theory, that the parties jointly asked the court to omit any divided infringement discussion from its instructions to the jury, and that the jury was instructed, without objection, that it could find induced infringement by Cisco only if it first found that "a single party performs each and every step of the claimed method.”

. While I, of course, have formulated positions on these questions, because the majority insists that the next panel of this court to visit this case be relegated to resolving them, I will not say anything which might impact its independent ability to do so.

. Because it appears that Commil has abandoned its direct infringement claims against Cisco, the other issues I believe need to be tried in conjunction with Commil’s induced infringement claim include only those relating tb the alleged invalidity of the claims of the '395 patent — indefiniteness, lack of enablement, and lack of adequate written description.

. The cases upon which the majority relies do not really support its contrary conclusion. Those cases either fail to address the constitutional issue at all or do so in fundamentally different circumstances. I am not persuaded they either control or even counsel in favor of the conclusion the majority reaches.