*593 Chief Justice PLEICONES.
I respectfully dissent and would affirm the decision of the Court of Appeals. I agree with Chief Judge Few:
Even under [Petitioner’s] theory of the case, Wal-Mart’s conduct merely provides some explanation of what motivated Jones’ actions. Wal-Mart’s negligence could affect how much of the remaining 35% of fault is attributable to Jones, for if Jones was motivated by Wal-Mart’s improper actions, arguably he would bear less of the fault for Hancock’s death. However, Wal-Mart’s actions can have no effect on Hancock’s fault. Wal-Mart obviously did not advise or instruct Hancock to flee, nor did it enable her actions by failing to adequately supervise her. There is no evidence in the record that Hancock knew anything about what WalMart told Jones. Therefore, Wal-Mart’s alleged conduct could not have reduced Hancock’s proportion of fault in the way it could have reduced that of Jones. Even if the jury had been permitted to consider Wal-Mart in its apportionment of fault, Wal-Mart’s conduct could not have affected the jury’s determination that Hancock was 65% at fault. Because Wal-Mart’s conduct could not have reduced Hancock’s fault, [Petitioner] is bound by the jury’s finding that she was 65% at fault, and the trial court’s decision to grant Wal-Mart a directed verdict could not have prejudiced [Petitioner]. Therefore, I believe we must affirm. See O’Neal v. Carolina Farm Supply of Johnston, Inc., 279 S.C. 490, 497, 309 S.E.2d 776, 780 (Ct.App.1983) (affirming directed verdict without deciding whether trial court erred because jury’s verdict made error harmless).
Roddey v. Wal-Mart Stores E., LP, 400 S.C. 59, 68, 732 S.E.2d 635, 639-40 (Ct.App.2012).
Moreover, I am not convinced that even if Petitioner were entitled to a new trial against Wal-Mart, it would be proper to require USSA and Jones to face the possibility of liability in a second trial having been absolved in the first. In arguing for a joint retrial, Petitioner relies on Williams v. Slade, 431 F.2d 605 (5th Cir.1970). In Williams, the “innocent” passenger sued both the driver of the automobile in which she was riding and the driver of the other car involved in the accident. The trial court directed a verdict in favor of one of the drivers, and *594 the jury returned a verdict in favor of the other. In Williams, either of the defendants, or both, might have been liable to the plaintiff. Here, however, Wal-Mart could not be liable unless USSA and Jones were also responsible, and unlike the Williams’ innocent plaintiff, a jury could (and did) find Hancock to be most at fault. I am unable to determine why the majority concludes, without discussion, that both USSA and Jones should again face a jury trial and the possibility of liability.
KITTREDGE, J., concurs.